## Horne *v.* Pawlicki.

*Physician and patient — Malpractice — Statute of limitations — Failure to remove gauze — Right of action accrues, when.*

In an action for malpractice in the performance of a surgical operation, where the negligence charged was in leaving a piece of gauze or drainage tube in the incision at the time the stitches were taken out, necessitating a second operation for removal of the gauze after a period of great suffering on the part of the patient, the cause of action accrued at the time of the alleged negligence in failing to remove the gauze and not at the time the first operation was performed, and an action for damages is not barred by the statute of limitations because not filed within one year from the date of the operation, where the filing occurred within a year from the date of the alleged negligence in failing to remove the gauze.

(Decided March 18, 1918.)

Error:   Court of Appeals for Cuyahoga county.

*Messrs. Bentley, McChrystal & Biggs,* for plaintiff in error.

*Messrs. David & Heald,* for defendant in error.

Houck, J.   This case comes into this court on error from the court of common pleas of Cuyahoga county.   The parties here stand in the reverse order from where they stood in the court below.

The plaintiff below in her petition says, in substance, that prior to the 6th day of September, 1915, she was suffering ill-health, and, in his professional capacity, she called upon said defendant, who advised an operation for ovarian troubles, and that on September 6, 1915, said defendant performed upon her a surgical operation to relieve

said trouble. She further avers in her petition that after said operation was performed upon her said defendant inserted in the incision made by him upon her a piece of gauze, commonly known as a drainage tube, which said gauze was by said defendant permitted to remain in said incision and said incision was healed up without said gauze having been removed from said incision. Plaintiff further avers in her petition that as a result of said gauze having been negligently and carelessly permitted to remain in said incision by said defendant, the same having healed up, she experienced great pain and suffering from the time she left the hospital where said operation was performed until July 12, 1916, when a second operation was performed for the purpose of removing said gauze. The petitioner further avers that as a result of said negligent acts of said defendant she became thin, pale, weak, unable to eat regularly, suffered at night until she could not sleep, was bent over, and in the region of said incision suffered terrible and excruciating pain, all to her great damages in the sum of $5,000, for which she prayed judgment.

To this petition the defendant filed an answer consisting of two defenses. The first defense, after making certain admissions as to the defendant being a physician and surgeon, avers that in the summer of 1915 the plaintiff was afflicted with ailments which required or justified a surgical operation to relieve her, and that he was employed to perform the operation, and that he did duly perform the same upon the plaintiff on the 30th day of August, 1915, and at no time thereafter; and that after said operation the incision in the plaintiff's

body therein made healed up, and the defendant denies each and every other allegation in said petition contained which is not expressly admitted therein. In the second defense the defendant says that he performed said operation on the plaintiff and fully completed the same on and not after the 30th day of August, 1915, and that any negligence or want of proper care of which the defendant might be shown to have been guilty — though he denies that he was guilty thereof — occurred at the time of said operation, and more than one year before the filing of said petition, and the defendant says that the alleged cause of action of the plaintiff is for malpractice on the part of the defendant in and about said operation and that said cause of action did not accrue within one year next before the filing of said petition and the same is barred by the statute of limitations of the state of Ohio. He therefore prays to be dismissed with his costs.

To this answer a reply was filed by the plaintiff, the same being in the nature of a general denial.

Upon the issues thus raised by these pleadings the case was submitted to a jury upon the evidence, and a verdict was returned in favor of the plaintiff in the sum of $2,250. A motion was filed for a new trial, was heard and overruled, and a judgment was entered on the verdict by the trial court.

An examination of the petition in error discloses that many alleged errors are set forth therein in which it is sought to reverse the judgment below. However, in oral argument, counsel for plaintiff in error urged but three grounds of alleged error, namely, that the cause of action stated in the petition was barred by the statute of limitations; sec-

ond, that the court erred in its refusal to give in its charge to the jury certain instructions duly requested by defendant, which requests were made in writing; and, third, that the court erred in its general charge to the jury.

We have examined the bill of exceptions and the entire record in this case with much care to ascertain whether or not the claims made by counsel for plaintiff in error, or any of them, are well taken.

Coming now to the question as to whether or not the cause of action was barred by the statute of limitations, we find from the record in this case that the operation in question was performed on the 30th day of August, 1915; that the petition in this case was filed on the 5th day of September, 1916. We further find from the evidence that the piece of gauze in question, which was inserted in said incision by the defendant below at the time of performing the operation, was not taken out at the time the stitches were removed from said wound, some two weeks after the operation was performed; that this piece of gauze, which, according to proper surgery, as shown by the evidence, should have been removed at that time, was the chief cause of the mischief, which failure to remove said gauze is charged in plaintiff's petition as negligence. It follows that the date of the cause of action arose at least two weeks later than the date of the operation. We, therefore, find as a matter of fact and law that the cause of action arose about the 12th day of September, 1915, and that plaintiff's action was not barred by the statute of limitations at the time the petition was filed.

The alleged error as to the statute of limitations is therefore not well taken.

Learned counsel for plaintiff in error insist that the trial judge erred in his refusal to give in charge to the jury certain instructions in writing which were requested by the defendant below. We have examined all of these requests, and, while some of them are sound as abstract propositions of law, yet we find none of those refused to be applicable to the issues raised by the pleadings or the proven facts in the case, and therefore we find no prejudicial error in the refusal of the court to give such charges.

It is urged by plaintiff in error that the general charge to the jury as given by the trial judge was erroneous in that he failed to properly charge the jury upon the question as to the statute of limitations. We do not deem it necessary to discuss this question further than to say that we find the claim of plaintiff in error in this regard not well taken. We have no hesitancy in saying that in some particulars the charge was not as clear and specific as it might have been; but in substance and in fact it covered every proposition necessary to be charged with reference to the issues raised by the pleadings and the established facts.

Finding no prejudicial error in the record that would warrant or justify a reviewing court to reverse the judgment in this case, the same will be affirmed.

*Judgment affirmed.*

POWELL and SHIELDS, JJ., concur.

Judges of the Fifth Appellate District, sitting in place of Judges MEALS, GRANT and CARPENTER of the Eighth Appellate District.