MAE E. MURRAY *v.* JOHN M. ALLEN.

February Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed May 5, 1931.

374

*Shields & Conant* for the plaintiff.

*Searles & Graves* for the defendant.

MOULTON, J. The defendant is a surgeon. On July 14, 1923, at the Brightlook Hospital in St. Johnsbury, he performed an abdominal operation upon the plaintiff. During this operation gauze sponges were placed in the abdominal cavity for the purpose of absorbing the blood and fluid, but proper practice required their removal after its completion. After the operation the plaintiff remained in the hospital for two weeks, and returned three or four times thereafter for treatment, the last time being September 25, 1923, when she saw the defendant, who told her that "she was getting along fine." She suffered thereafter pains in her side and abdomen to such an extent that

she could not sleep without opiates or do her work, and her abdomen was distended and swollen. She consulted other physicians with only temporary relief until January 28, 1929, when she passed, with her stool, a surgical gauze about a yard in length, together with pus. After that her condition improved.

On May 29, 1929, she instituted this action against the defendant, alleging negligence and lack of skill in the performance of the operation in that the gauze had not been removed from the wound. The defendant pleaded the general issue and the statute of limitations. On trial, at the close of the plaintiff's evidence, the defendant moved for a directed verdict on the ground that the action was barred by the statute. The motion was granted, and the plaintiff excepted.

By G. L. 1849 it is provided that: "The following actions shall be commenced within six years after the cause of action accrues, and not after * * * *. Actions of tort, except as otherwise provided." And by G. L. 1850 * * * *. "Actions for assault and battery, false imprisonment, slanderous words and libels, and for the recovery of damages for bodily hurt or injury to personal property suffered by a person by the act or default of another, shall be commenced within three years after the cause of action accrues, and not after."

That the alleged malpractice constitutes a tort is conceded by the plaintiff. It is clear that this is so, and that this action is *ex delicto*. *Chalmers* v. *Southern Pac. Co.* (C. C. A), 8 Fed. (2d) 480, 481; *Harding* v. *Liberty Hospital Corporation*, 177 Cal. 520, 171 Pac. 98, 99; *Frechette* v. *Ravn*, 145 Wis. 589, 130 N. W. 453. It is equally clear that the action is "for the recovery of damages for bodily hurt * * * * suffered by a person by the act or default or another," as defined by G. L. 1850, and as such expressly excepted from the operation of G. L. 1849. In *Harding* v. *Liberty Hospital Corporation, supra,* 177 Cal. 520, 171 Pac., pages 99, 100, it was held that a statute limiting the bringing of an action for injury caused by the wrongful act or neglect of another was applicable where the complaint charged the unskilful setting of a broken leg. In accord is *Marty* v. *Somers*, 35 Cal. App. 182, 169 Pac. 411, 412. In *Klingbell* v. *Saucerman*, 165 Wis. 60, 160 N. W. 1051, 1 A. L. R. 1311, 1312, it is said that an action in tort for malpractice is plainly one to recover damages for injuries to the person and so covered by a statute limiting such actions. See,

also, *Bodne* v. *Austin*, 156 Tenn. 353, 2 S. W. (2nd) 100, 62
A. L. R. 1410, 1412-1414, and annotation, page 1417. The expressions "bodily hurt * * * * by the act or default of another"
in G. L. 1850, and "injury caused by the wrongful act or neglect
of another" or "injuries to the person" as contained in the
statutes held applicable in the last-cited cases mean, so far as
this form of action is concerned, the same thing.

■ The plaintiff argues that the right of action did not
accrue until the fact that the gauze had not been removed was
discovered, and that, consequently, the statutory period of limitation did not begin to run until that time. But the right of
action accrued when the negligent act upon which the action is
based took place, and not when the consequential damage became known. This principle has been applied in numerous
cases wherein the facts were very similar to those in the case
before us. In *Cappucci* v. *Barone* (1929), 266 Mass. 578, 165
N. E. 653, 654, 655, the defendant, a surgeon, omitted to remove
a gauze sponge from the abdominal cavity after operating upon
the plaintiff. The presence of the sponge was not discovered
until after the statutory period had elapsed since the operation.
It was held that the statute began to run at the time of the negligent act and not when the actual damage resulted or was ascertained. The court went on to say: "The damage sustained by
the wrong done is not the cause of action; and the statute is a
bar to the original cause of action although the damages may be
nominal, and, to all the consequential damages resulting from it
though such damages may be substantial and not foreseen. * * * *
There is nothing in the suggestion that, in the facts and in the
law applicable thereto, the statute should be construed liberally,
and the consequential damages, when discovered be considered
as a fresh ground of action as in 'the case of a nuisance where
every new dropping is a new act.' "

In *Conklin* v. *Draper*, 229 App. Div. 227, 241 N. Y. S. 529,
532 (1930), a forceps was left in the plaintiff's abdomen after
an operation for appendicitis, performed by the defendant. The
plaintiff visited the defendant subsequently and was told that
she was progressing satisfactorily. Two years after this the
forceps was discovered and removed, but by this time the statute
of limitations had run. The action was held to be barred.
*Lotten* v. *O'Brien*, 146 Wis. 258, 131 N. W. 361, 362, was an
action against a physician for alleged negligence in setting the

plaintiff's broken arm, which was followed by several treatments. The action was commenced more than one year (the time limited by the statute of limitations) after the last treatment. It was held that the proximate cause of the plaintiff's injury was the negligent setting of the arm, and if there was negligence in treating the arm thereafter, the latter negligence occurred not later than the last treatment. The statute began to run when the cause of action accrued, and this occurred when the negligent act, whether it consisted in the improper setting of the arm or the omission to discover this at such later times as the defendant undertook to examine, treat, or care for the arm, took place, without reference to the discharge of the defendant as attending physician. The same principle was applied in *Miller* v. *Ryerson*, 22 Ontario, 369, 372, where the court said: ''I cannot accede to the argument that time does not run against the cause of action (malpractice) till the effects of the treatment develop, so as to produce mischievous consequences * * * *. The liability arose when professional services were rendered. * * * * The result may be that, if no disastrous consequences are manifest till a year (the statutory time) after the close of the professional employment, the right of action is gone.'' In *Coady* v. *Reins*, 1 Mont. 424, 427, it was held that the gist of an action against a physician for malpractice is negligence and unskillfulness, and not injury or damage consequent thereon, and that the statute begins to run from the time of the negligence or breach of duty. And in *Horne* v. *Pawlicki*, 14 Ohio App. 94, 97, where gauze was left in the wound when the stitches were removed, about two weeks after an operation, it was held that the cause of action accrued, and the statute began to run at this time. See, also, cases cited in note, L. R. A. 1917C, 1172, *Gillette* v. *Tucker*, 67 Ohio St. 106, 65 N. E. 865, 93 A. S. R. 639, wherein the contrary was held by a divided court, was overruled, and the reasoning of the dissenting opinion adopted, in *McArthur* v. *Bowers*, 72 Ohio St. 656, 76 N. E. 1128. The rule is the same where the action is against an attorney for negligence in the performance of professional services. *Moore* v. *Juvenal*, 92 Pa. St. 484, 490; *Wilcox* v. *Plummer*, 4 Pet. 172, 182, 7 L. ed. 821, 824.

A contrary result was reached in *Akridge* v. *Noble*, 114 Ga. 949, 41 S. E. 78, by a somewhat ingenious course of reasoning. It was therein said that an operation begins when the incision

is made and ends when this opening has been closed in a proper way after all appliances necessary to be placed therein have been removed; therefore since the removal of the sponges is a part of the operation, the statute does not begin to run until the discovery and removal of them. This case, however, is opposed to the great weight of authority.

The negligent act in the instant case was the omission to remove the sponge when the wound was closed, and this occurred more than three years before the action was brought. Even if there were negligence in the after treatment on the part of the defendant, in failing to detect the presence of a foreign substance in the abdominal cavity, more than three years elapsed after the last examination by him before the institution of the action.

It is argued by the plaintiff that there was a fraudulent concealment of the cause of action by the defendant, and therefore, under G. L. 1863, the period prior to the discovery of it should be excluded in determining the time limited for the commencement of the action. This claim is based upon the evidence, that, at the last visit by the plaintiff to the defendant, he told her that "she was getting along fine." Without passing upon the defendant's contention that the question of fraudulent concealment has not been made an issue by the pleadings, and so is not for our consideration (see *First Mass. Turnpike Corp.* v. *Field,* 3 Mass. 201, 206-208, 3 A. D. 124), it is enough to say that the concealment contemplated by the statute must be with a design to prevent the discovery of the facts which gave rise to the action. *Watts* v. *Milliken's Estate,* 95 Vt. 335, 340, 115 Atl. 150. There was no evidence of any actual knowledge of the presence of the sponge on the part of the defendant. There could, therefore, have been no intent or design to conceal it from the plaintiff, however negligent the defendant may have been in failing to detect it.

The plaintiff's brief concludes with the earnest request that we consider this case free from any technical application of the statute of limitations, to the end that she may not be deprived of a remedy for the injury which she claims to have suffered. It is unfortunate for her that her right of action is no longer available, but to make it so we cannot disregard the plain

wording of the statutory provisions applicable to the case. *Cappucci* v. *Barone, supra; Conklin* v. *Draper, supra.*

*Judgment affirmed.*