# Beulah N. Tierney v. Mary Tierney (or Mary Tierney Snow), Patricia Snow and Mary Anne Trombley

[300 A.2d 544]

No. 68-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

Motion for Reargument Denied February 12, 1973

*John J. Welch, Jr., Esq.*, Rutland, for Plaintiff.

*Langrock & Sperry*, Middlebury, for Defendants.

**Shangraw, C.J.** This is an action of ejectment to recover the seisin and possession of a parcel of land lying in Brandon, Vermont, together with the appurtenances as described in plaintiff's declaration. The action was discontinued against Mary Anne Trombley on February 28, 1972.

The cause came on for hearing before the Rutland County Court on April 7, 1972, on plaintiff's motion for summary judgment against the remaining two defendants. On April 7, 1952, a judgment order was issued by the court granting the motion and in the order it was adjudged that plaintiff was to be entitled to the possession of the demanded premises. The judgment order also described the premises in question.

On January 6, 1928, Joseph C. and Mary H. Tierney, husband and wife, became the owners of the premises in controversy. Joseph predeceased his wife, Mary, and title to this property vested in her by operation of law.

Mary died intestate prior to 1952 and left surviving four children, Mary Tierney Snow, Rachel T. Ward, James G. Tierney and George C. Tierney. The above children were the only persons entitled to take under the estate of Mary H. Tierney as of the date of her death. No probate proceeding was ever held concerning the Tierney estate.

After the death of his mother, Mary H. Tierney, one son, James G. Tierney, began procuring quit-claim deeds from the other heirs in 1952 of all their right, title and interest in and to the premises now considered. During that year he procured such deeds from Mary Tierney Snow and her husband, Fletcher Snow, and Rachel T. Ward.

George C. Tierney became deceased leaving as his only heirs and next of kin his wife, Florence Tierney, and his son, George C. Tierney, Jr. Florence Tierney quit-claimed to James G. Tierney in 1952, and George C. Tierney, Jr., and his wife, Jean S. Tierney, executed a like conveyance to James G. Tierney in March, 1957.

Following acquisition of title to the land and premises in question by James G. Tierney, the property was conveyed by James G. and Beulah N. Tierney to Donald G. Papineau on June 7, 1963, who in turn reconveyed the same to James G. Tierney and Beulah N. Tierney, husband and wife, on the same date. James G. Tierney deceased on July 25, 1966. The plaintiff, Beulah N. Tierney, is the surviving widow of James G. Tierney and the record owner of the premises by operation of law.

All defendants answered plaintiff's complaint by a general denial of all allegations contained therein. Defendants further alleged that there was a lack of consideration at the time the deeds referred to in plaintiff's complaint were executed and also that when the defendant, Mary Tierney Snow, executed the deed on or about July 19, 1952, she was misled and deceived by the plaintiff's predecessor in title. As a further defense, defendants assert that there never was a probate proceeding concerning the estates of Joseph C. Tierney and

Mary H. Tierney and that by reason thereof the defendant, Mary Tierney Snow, was deprived of the right to present her claim against said estates, and that the deeds vesting title in the plaintiff are null and void.

On July 2, 1971, plaintiff countered with a motion for summary judgment setting forth that the motion is made in good faith and that "there is no genuine issue as to any material fact, and the plaintiff is entitled to judgment as a matter of law." On the same date plaintiff signed an affidavit in support of the motion for summary judgment setting forth her chain of title and the facts hereinbefore set forth in this opinion.

Plaintiff's affidavit further states that none of the defendants have been granted any contractual leasehold or other rights in and to the premises. It is also alleged that the status of all defendants has been as tenants from month to month and that each have been given more than thirty (30) days' notice to vacate the premises prior to the bringing of this action.

Under the provisions of V.R.C.P. 56(c) the defendant, Mary Tierney (Mary Tierney Snow), filed a reply affidavit on July 23, 1971, to plaintiff's motion for summary judgment. This defendant therein set forth that on January 6, 1928, and subsequent thereto, she did pay and aid in the payment of the land and premises deeded to Joseph C. and Mary H. Tierney, parents of said deponent. She also stated therein that on or about July 19, 1952, when she executed a deed favorable to James G. Tierney she was "not advised as to the nature and affect [sic] of said deed by her late brother, James G. Tierney, nor was there sufficient consideration paid to her at the time the said deed was executed."

The affidavit continues by reitering that no probate proceeding concerning the estate of Joseph C. and Mary H. Tierney were had and that she, said defendant, was never able to present such claims as she may have had against the estate of her mother, Mary H. Tierney.

The foregoing affidavit was followed by further pleadings on behalf of the plaintiff denying all defenses alleged by the defendants and also that "Any and all claims which the Defendant Mary Tierney Snow may have had in and to the

subject property are barred by the Statute of Limitations and therefore would be completely unenforceable."

█ It is the contention of the appellants that the court below erred in granting appellee's motion for summary judgment in that appellants alleged in their answer and by affidavit that the appellee did not have legal title to the premises in question by reason of the fact that the deeds upon which she relied were procured by fraud and without sufficient consideration. It is the appellants' claim that a genuine issue as to a material fact existed at the time the trial court entered a summary judgment in favor of the appellee pursuant to V.R.C.P. 56 and that such judgment was erroneous and should be reversed and the case remanded.

Rule 56(c) in part provides:

> "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

Subsection (e) of Rule 56, states in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading. But his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Rule 56 is nearly identical to Federal Rule 56. Rule 56(c) is the heart of the rule, indicating that not only the pleadings and affidavits, but the responses to the various discovery devices, may be considered on motion for summary judgment, and providing that such judgment shall be rendered if the matters considered "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Procedure under Rule 56 is not a trial of the underlying merits of the case on written affida-

vits. Rather, it resolves the question whether the party opposed to the motion can demonstrate that he has evidence sufficient to create an issue.

In support of the lower court's judgment the plaintiff urges (1) that she is vested with legal title to the premises and there is no genuine issue on this point; (2) that defendants have failed to raise any genuine issue based upon fraud or lack of consideration in the court below; and (3) upon the face of the record any and all claims which the defendants raised as defenses to this action are barred by the statute of limitations.

■ Plaintiff's complaint was issued May 13, 1971, and filed in court May 20, 1971. Nearly twenty years had passed since the defendant, Mary Tierney Snow, and her husband conveyed her interest in the property to James G. Tierney by deed dated July 19, 1952. No facts were brought to the attention of the court below by way of a plea or otherwise tolling the statute of limitations pleaded by the plaintiff as a bar to defendants' defenses. It follows from this that if the defendant, Snow, could not enforce whatever rights she claims to have, she cannot raise those claims as a defense to plaintiff's cause of action.

The law appears to be clear that summary judgment may be granted to a moving party where the opposing party asserts a claim which is barred by the Statute of Limitations.

> "A Summary Judgment for Defendant may be granted if the claim asserted against him is barred by the Statute of Limitations or by laches. This procedure is useful for avoiding the expense and delay of an unnecessary trial if there is no dispute as to the facts governing these defenses, and the claim is barred as a matter of law." 3 W. Barron and A. Holtzoff, Federal Practice and Procedure § 1245 (Rules ed. rev. C. Wright 1958).

There seems to be little doubt under the Federal Rules of Civil Procedure that the court may, under Rule 56, entertain the contention that a cause of action is barred by limitations. See Annot., 61 A.L.R.2d 341 (1958); *Kissick Construction Corp.* v. *First National Bank of Wahoo*, 46 F.Supp. 869 (D.

Nev. 1942); *Reynolds* v. *Needle,* 132 F.2d 161 (D.C. Cir. 1942); *Ausen* v. *Moriarty,* 268 Wis. 167, 67 N.W.2d 358 (1954).

Ordinarily the statute of limitations would require the defendant, Snow, to assert her claim of fraud or lack of consideration within six (6) years from the date she executed the deed to her brother. 12 V.S.A. § 511. She alleged no facts which would toll the statute of limitations and avoid such plea so made by the plaintiff.

Under the facts as appear of record, by pleading the statute of limitations to defenses interposed by the defendants, plaintiff has set up a roadblock from which the defendants cannot escape the judgment in plaintiff's favor. For reasons hereinbefore stated there appears no occasion to discuss the issue as to whether or not a genuine issue for trial was presented.

*Judgment affirmed.*