Society of Mount Carmel *et al.*, Plaintiffs-Appellants, *v.* John F. Fox, Jr., d/b/a Fox and Fox, *et al.*, Defendants-Appellees.

(No. 73-417;

Second District (2nd Division)—September 24, 1975.

Charles F. Scott and Julius Abler, both of Waukegan, for appellants.

Julian Johnson, of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, Society of Mount Carmel, appeals the trial court's order granting defendant's motion for summary judgment.

In 1962, defendant, an architect, designed buildings and coordinated payments to contractors in the construction of the Mt. Carmel High School complex in Mundelein. The work was completed in 1963. Sometime thereafter, plaintiff noticed cracks, bulging, movement, and separation of the plaster, masonry, and walls throughout the school. Defendant examined the building and, on several occasions, assured the plaintiff that the problems were merely "maintenance problems." At considerable expense to plaintiffs, certain repairs were made. The cracks reappeared, however, and plaintiff was once again assured by defendant that such cracking was normal and the result of "maintenance problems." In March, 1969, the Lake County Contractors Association issued a report, based on an inspection of the school complex. The report concluded that the various difficulties with the structure were the result of faulty design. The specific cause was identified as the absence of expansion joints,

necessary for buildings the size of the structures in question, and, according to the report, without the needed expansion joints the problems would persist due to the expansion and contraction of the buildings. This report allegedly was plaintiff's first knowledge that the cracking was the result of failure to include expansion joints rather than being merely a maintenance problem as defendant had indicated.

In February, 1970, plaintiff filed a complaint claiming that the defendant was negligent in failing to provide expansion joints. In answering, defendant alleged an affirmative defense contending that plaintiff had not, in accordance with section 15 of "An Act in regard to limitations" (Ill. Rev. Stat. 1969, ch. 83, § 16), commenced the action within 5 years after the cause of action accrued. Thereafter, plaintiff amended the complaint stating that the time of discovery of defendant's negligence was March, 1969, when the Lake County Contractors Association issued its report. Upon defendant's motion, portions of the amended complaint were stricken, the trial court ruling that plaintiff's allegations as to time of discovery were irrelevant. In its supplemental reply to defendant's affirmative defense, plaintiff also claimed that defendant fraudulently concealed his negligence in failing to provide expansion joints. Defendant moved to strike the supplemental reply and this was granted. Thereafter, defendant moved for summary judgment asserting that the statute of limitations had run since the complaint was filed more than five years after construction was completed on the high school complex. This motion was allowed.

We have determined that in reaching our decision only one of the issues raised by plaintiff need be addressed, i.e., whether the statute of limitations began to run from 1963 when the building was completed (as defendant contends) or whether it began running from the time plaintiff discovered or should have discovered the defects complained of.

The question presented is a controversial one which has in the past resulted in contrary judgments by the courts. In recent years, however, the supreme court has greatly expanded the application of the discovery rule in determining when the statute of limitations begins to run, and has developed criteria for making this judgment. In *Rozny v. Marnul*, 43 Ill.2d 54, 68-73 (1969), an action against a surveyor who had made an inaccurate survey, the court held that a property owner's cause of action "accrued" when a plaintiff knew or should have known of the error. The discovery rule was also applied to a products liability case in which plaintiff sued a manufacturer alleging injuries from an "unreasonably dangerous" design in a trenching machine (*Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 431-32 (1970)), to a medical malpractice case in which plaintiff had been erroneously advised by a physician

that a particular condition was not malignant, only to be subjected three years later to an amputation as the result of the cancerous nature of that same condition (*Lipsey v. Michael Reese Hospital*, 46 Ill.2d 32, 37-41 (1970)) and, most recently, to a suit for defamation (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 62 Ill.2d 129 (1975)). In the last case, plaintiff filed suit charging that defendant published a credit report which falsely reported the financial state of plaintiff's business thereby causing injury to its reputation. There defendant claimed that the action was barred by the one-year statute of limitations for defamation. The court held that plaintiff's cause of action accrued at the time it knew or should have known of the existence of the allegedly defamatory report and not, as defendant maintained, at the time the defendant's credit report was received by the subscribers to the service. In reaching this decision, the court relied upon the rationale of *Rozny* wherein the court stated the considerations which determined whether the time of discovery rule was to be followed.

> "The basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue. There are some actions in which the passage of time, from the instant when the facts giving rise to liability occurred, so greatly increases the problems of proof that it has been deemed necessary to bar plaintiffs who had not become aware of their rights of action within the statutory period as measured from the time such facts occurred. [Citations.] But where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue." (*Rozny v. Marnul*, 43 Ill.2d 54, 70 (1969).)

In *Olesker*, 62 Ill.2d 129, 136, the court noted an Iowa case, *Chrischilles v. Griswold* (1967), 260 Iowa 453, 150 N.W.2d 94, which invoked the application of time of discovery rule in an action against an architect for negligent design.

In the instant case, the balance test set forth in *Rozny* and approved in *Olesker* clearly favors application of the time of discovery rule. Defendant's deposition established that some time prior to the filing of this suit, defendant had knowledge of plaintiff's complaints which placed him on notice to the possibility of said suit. The passage of time would not increase defendant's difficulty in proof, nor would it alter a conclusion on the question of whether defendant was or was not negligent in failing to include expansion joints in the design of the high school

complex. His alleged negligence is a question of fact to be determined by application of professional standards and practices existing at the time the building was designed.

In this case, the trial court held that the statute of limitations began to run from the time of completion of the complex and therefore, as a matter of law, summary judgment was entered for defendant. As earlier stated, we believe that the balancing test set forth in *Rozny* and *Olesker* favors plaintiff and that the ends of justice would be best served by allowing plaintiff to sue within the statutory period computed from the time it knew or should have known of the existence of the alleged defective design.

Judgment reversed and cause remanded.

RECHENMACHER, P. J., and DIXON, J., concur.