Union School District No. 20 v. Charles H. Lench, Jr. and David M. Berg, Inc. v. Timber Structures, Inc. and Connecticut Valley Construction Co.

[365 A.2d 508]

No. 134-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed September 17, 1976

Motion for Reargument Denied October 18, 1976

*Divoll & Doores,* Bellows Falls, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for David M. Berg, Inc.

*Richard H. Gregory, III,* of *Dinse, Allen & Erdmann,* Burlington, for Connecticut Valley Construction Co.

**Larrow, J.** Plaintiff School District, confronted with a new school building with a defective roof, brought suit against defendant architects Lench and David M. Berg, Inc., employed by Lench, alleging negligent design of the roof in violation of their contract for architectural services. Defendants pleaded the statute of limitations, and joined as third-party defendants Timber Structures, Inc., and Connecticut Valley

Construction Co., who had constructed the building. By later motion for summary judgment under V.R.C.P. 56, supported by uncontested affidavits that the last work on design had been performed in January, 1966, the principal defendants obtained that summary judgment, along with a resulting dismissal of their third-party actions.

In the absence of findings of fact and conclusions of law, desirable though not required in this type of judgment, the salient time elements contained in the pleadings and affidavits and uncontested by the parties may be briefly summarized. The architectural contract was entered into in January, 1965. The last design work under it, checking shop drawings, was performed in January, 1966. The building was completed and occupied in September, 1966, and almost immediately the roof began to leak continuously. Unsuccessful attempts at correction were made, and in the fall of 1971 a wall cracked and bulged. Plaintiff then sought professional advice, and about January 31, 1972, "first became aware" that the roof was latently defective due to negligent design. Suit was instituted December 8, 1972.

The parties agree, and we concur, that the applicable statute of limitations, whether the action sounds in tort or contract, is 12 V.S.A. § 511, the general statute. This requires that civil actions, except as otherwise provided, be commenced within six years after the cause of action accrues and not thereafter. The precise question before us, therefore, is whether the cause of action here accrued prior to December 8, 1966. The lower court, without specifying *when* it did accrue, in effect ruled that it was prior to that date. We agree, and affirm.

Appellant urges that we should overrule our holding in *Murray* v. *Allen*, 103 Vt. 373, 154 A. 678 (1931), and adopt what it terms the "more flexible and justifiable time of discovery rule." This, it says, would make its cause of action "accrue" in this case in January, 1972, when, from its professional advisor, it "first became aware" of the latently defective roof design. Defendants argue for retention of the *Murray* rule. They dispute any modern tendency toward the "discovery rule" except in cases of medical malpractice. They refer to statutes in a majority of the states providing for accrual of the action against architects at a time no later than the date of building occupancy. And they point out, correctly,

that of all the dates here involved as possible accrual dates, only January, 1972, when plaintiff allegedly discovered what it claims to be the real cause of its troubles, is within the six year statute. They argue, without great preference since any choice would support the ruling below, that the statute should begin to run (a) under *Murray*, when the last services were rendered, (b) in September, 1966, when the extensive leaks appeared, giving the plaintiff notice of some defect. This, they say, would start the statute running even under the "discovery rule." A possible alternative, not argued, would be the date when the plans, claimed defective, were delivered to the plaintiff under its contract. Certainly for stock plans, prepared in advance of sale, no earlier date would appear equitable.

A review of *Murray* convinces us that we have no need to reappraise its precise holding. With a short dictum indicating the rule would also be applied to legal malpractice, it held that where a sponge was negligently left in a surgical incision, the omission to remove the sponge when the incision was closed triggered the statute, or, if there was negligence in the after-treatment, the statute began to run with termination of the after-treatment. Consequential damages, later accruing, were held not to give rise to any new cause of action. Fraudulent concealment, not here or there a factor, was recognized as postponing the running of the statute. Cf. 12 V.S.A. § 555.

The holding in *Murray* is no longer the law in this jurisdiction, by virtue of legislative enactment. We are pointed to no judicial decision extending its holding to malpractice cases other than medical, and indeed the possible accrual times suggested above, some of which have no counterpart in medicine, strongly suggest a re-examination of the holding before extending it to other professions. In any event, by No. 248, § 2, of the Acts of 1975 (Adj. Sess.), 12 V.S.A. § 512(4) has been amended to provide that actions for injuries to the person shall be deemed to accrue as of the date of the discovery of the injury. So, for present purposes, a re-examination of *Murray* is no longer purposeful.

Nor are we disposed to examine and evaluate all the possible alternatives presented for triggering the statute of limitations in the case before us. To do so would border on the rendition of an advisory opinion, because all we are required to decide here is whether the statute of limitations does not

begin to run until a plaintiff has discovered, not only that an injury has been sustained, but the precise cause of the injury. Of all the possible alternatives here suggested for starting the running of the statute, that is the only one within the six year period. We confine our holding to that point because (a) it is all that is required for disposition of the case before us, (b) the other alternatives have not been explored by the defendants vis a vis each alternative, as any of them require affirmance, and (c) legislative enactment may well, in light of the history in other jurisdictions, resolve the precise point before judicial determination is required. Legislative attention to balance of underlying equities and the policy of repose inherent in statutes of limitations would be indeed appropriate, and would involve many considerations not briefed or analyzed by parties, as here, interested only in affirming or reversing a particular judgment.

Turning then to the question which we must determine, as dictating affirmance or reversal, we adopt and approve the reasoning of the Nebraska court:

> Even in malpractice and fraud cases where a discovery rule is applied, it is not the actual discovery of the reason for the injury which is the criteria. In those cases we have consistently held that discovery means discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery.

*Omaha Paper Stock Co.* v. *Martin K. Eby Constr. Co.*, 193 Neb. 848, 230 N.W.2d 87, 89–90 (1975); accord, *Chrischilles* v. *Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967).

Absent legislative action in fields other than medical malpractice, it may become necessary to reappraise the holding in *Murray*. But we are not inclined to do so in this case. With the general subject matter twice before it, the legislature has adopted the "discovery rule", in contravention of *Murray*, in only two specific instances. The first, in 1967, applied to ionization radiation injuries. 12 V.S.A. § 518. The second, in 1976, related to personal injuries by act or default of another only, as discussed *supra*. There may or may not be further legislative action. In the interim, we will confine ourselves to

adjudication, upon the facts presented, of the cases brought before us. Appellant's only claim for reversal, which would not trigger the statute of limitations until a plaintiff completed whatever investigation of a known injury he might deem appropriate, is untenable.

*Judgment affirmed.*