## South Burlington School District v. Julian Goodrich, et al.

[382 A.2d 220]

No. 125-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed December 20, 1977

*Charles T. Shea* and *Brooke Pearson* of *Gravel, Shea & Wright,* Burlington, for Plaintiff.

*Dinse, Allen & Erdmann,* Burlington, for H.P. Cummings Construction Co., *Paul, Frank & Collins,* Burlington, and *Kolvoord, Overton & Wilson,* Essex Junction, for Rodd, *Thomas J. Kenney,* Burlington, for Goodrich and Julian Goodrich Architects, Inc., *Pierson, Affolter & Wadhams,* Burlington, for Koppers Co., Defendants.

**Barney, C.J.** This is an appeal from an order of the Chittenden Superior Court which is before this Court pursuant to an order on report by agreement which certified three questions.[1] V.R.A.P. 5(a). The principal issue in this case concerns the statute of limitation, 12 V.S.A. § 511, and reference of that issue to a master (V.R.C.P. 53) for consideration of motions for summary judgment. V.R.C.P. 56.

In 1960, the plaintiff school district contracted with defendant Goodrich for architectural services in the planning,

---

[1] The certified questions are as follows: (1) Was the court's ruling dismissing Counts I through IX as to all defendants proper? (These are counts of breach of contract, negligence and warranty against the defendants: architect Goodrich, general contractor Cummings and roofing subcontractor Rodd.); (2) Was the court's denial of plaintiff's motion to amend dated November 10, 1975 proper? (A renewal of an earlier motion to amend which had been denied. It would have added counts of contractual guarantee to repair against defendants Cummings, Rodd and supplier Koppers); (3) Was the court's failure to dismiss Counts X and XI as against Koppers proper? (These counts refer to guarantee by defendant Koppers.)

design and construction of a junior-senior high school. Later that year, the school district contracted with defendant Cummings for the construction of the school. Cummings, in turn, subcontracted with defendant Rodd for the construction of the building's roof and Rodd, in turn, obtained the roofing materials from defendant Koppers.

The roof was completed on July 28, 1961; construction of the building was substantially completed in December 1961 with possession and occupancy occurring shortly thereafter. On June 7, 1962, defendant Koppers issued a 25-year roof bond guaranteeing that the roof had been installed to its specifications. On August 3, 1962, defendant Goodrich certified that defendant Cummings had complied with the terms of its construction contract except for certain items of a corrective nature. Prior to this certification, leaks were experienced around the sky dome flashing and also around an expansion joint where the lobby roof joined the wall next to the gymnasium block. These leaks were the subject of correspondence between several of the parties and defendant Rodd undertook repairs. Subsequently, in 1962 or 1963, defendant Goodrich certified that the construction was in accordance with the plans and specifications.

On March 1, 1966, leaks in the roof over the entire gymnasium area were discovered, and subsequent inspection revealed that their cause was a series of long splits in the built-up roofing over the gymnasium area.

The plaintiff, now appellant, school district commenced this civil action against architect Goodrich on February 29, 1972, claiming damages of $250,000 resulting from a defective roof. Defendants Cummings, Rodd and Koppers were joined by subsequent amendment of the complaint, which included a demand for a jury trial.

Pursuant to V.R.C.P. 12(d), the plaintiff school district moved for a hearing on the affirmative defense that the action was barred by the six-year statute of limitations (12 V.S.A. § 511) applicable to both tort and contract actions. *Union School District No. 20* v. *Lench,* 134 Vt. 424, 425, 365 A.2d 508 (1976). At a pretrial conference, the parties agreed to prepare a stipulation of facts on the issue of the statute of limitations defense, and the plaintiff agreed to indicate whether it wished to waive its demand for a jury trial. Later, the plaintiff

informed the court of its willingness to waive jury trial on the statute of limitations question. However, when the parties failed to agree so that no stipulation was forthcoming, the plaintiff sought to rescind its earlier waiver and reinstitute its demand for a jury trial.

On March 20, 1974, the plaintiff school district moved to amend its complaint and to add an additional count with respect to a contractual guarantee against defendants Cummings and Rodd, as well as Koppers. This motion was denied. As will be noted, this motion was renewed and again denied on November 10, 1975.

A subsequent hearing was held on May 10, 1974, for consideration of various motions concerning the statute of limitations question and the demand for a jury trial, at which time the presiding judge invited the defendant parties to submit motions for summary judgment on the limitations defense. Those motions were filed and on June 10, 1974, despite plaintiff's insistence that the factual issues relating to the limitations defense be tried before a jury, the matter was referred to a master (V.R.C.P. 53) who issued his findings of fact and conclusions of law which held that the statute of limitations barred the action. Thereafter, the trial court issued an order dismissing the action on the merits except for two counts relating to defendant Koppers, and permission to make this interlocutory appeal was granted.

We first direct our attention to the statute of limitations question, the issue central to this litigation. The parties acknowledge that the applicable time period in bar is six years. 12 V.S.A. § 511. Their dispute concerns the fixing of the event which triggers the running of the time period. Resolution of this dispute rests in our construction of the phrase, "shall be commenced within six years after the cause of action accrues."

Since *Murray* v. *Allen*, 103 Vt. 373, 376, 154 A. 678, 679 (1931), the rule in Vermont, except where modified by statute, has been that the cause of action accrues when the act upon which the legal action is based took place and not when the damage became known. The appellant essentially argues that this Court should abandon that rule and adopt a so-called discovery rule so that the cause of action accrues when a party discovers, or in the exercise of reasonable diligence should have

discovered, its injury. The appellant directs us to well-reasoned authority in the statutory and decisional law of sister states demonstrating this trend in the law. Nevertheless, we decline to adopt a discovery rule for the reasons outlined below.

The reason for our refusal to reverse *Murray* was succinctly outlined in *Union School District No. 20* v. *Lench*, 134 Vt. 424, 365 A.2d 508 (1976). In that case, we were asked to adopt a liberal discovery rule under the general statute. That proposal would have commenced the statutory period running at a time when the cause of the matter complained of was discovered. While our discussion there alluded to the persuasiveness of the arguments in favor of some narrower discovery rule, we were convinced that the General Assembly had been exposed to this issue previously and had chosen only to amend Vermont law in a limited way.[2] That reason obtains equally here. Coupled with legislative inaction since *Lench*, we take this to indicate a rejection of the application of a discovery rule to other circumstances and accordingly do not expand by judicial construction the instances in which discovery shall be the appropriate standard.

In this litigation, a review of the chronology of events reveals that the suit was commenced on February 29, 1972. (Defendants Cummings, Rodd and Koppers were added by an amendment to the complaint which related back to the date of filing of the original complaint.) For the statute of limitations not to bar the action, it would be necessary for any cause of action to have accrued within six years prior to that date, *i.e.*, after February 28, 1966.[3] It is clear from the record that the construction project was completed, that the building was occupied and that the construction was certified to be in accordance with the plans and specifications by 1962 or 1963. Thus, as a matter of law, an action for defective construction based upon either negligence or the construction contract would be barred. This is implicit in the appellant's discovery rule

[2]Ionizing radiation injuries, 1967 Vt. Acts No. 32 § 1 (12 V.S.A. § 518); injuries to person, 1975 Vt. Acts No. 248 § 2 (12 V.S.A. § 512(4)).

[3]On February 28, 1972, the day prior to the filing of the complaint, defendants Koppers and Rodd executed agreements which in effect extended the limitations period as to them from that date until July 1, 1973.

argument and is confirmed by its brief which concedes that if discovery of the roof defect was not a material fact to the determination of the cause of action, the defendants were entitled to judgment as a matter of law.

Once this rule of law was determined, the trial court should have examined all the pleadings involved in this litigation, both to the nature of the causes of action invoked and the chronology of events which transpired. From that analysis, it could have then ruled whether as a matter of law the several actions (including cross claims) which were based on several theories of recovery (contract, warranty, negligence, guarantee) were barred by the statute of limitations, making summary judgment an appropriate procedure for disposition of the claims, *Tierney* v. *Tierney*, 131 Vt. 48, 300 A.2d 544 (1973), or whether a genuine issue of material fact existed, such as a factual question of when a cause of action accrued, making trial or some other factfinding procedure appropriate.

■ Early in this litigation, the trial court sought to determine whether the limitations defense barred the action and ordered a hearing on the matter in response to plaintiff's motion in that regard. However, when the parties were unable to agree upon a stipulation of facts on this issue, the appellant sought to avoid the hearing by moving to rescind its waiver of its original demand for a jury trial on this issue. Contemporaneously, the trial court ordered the plaintiff to reply to the statute of limitations affirmative defense. The plaintiff made a responsive pleading in avoidance in which it alleged that the defendants were estopped because they had induced the plaintiff to withhold filing of its action and that the defendants fraudulently concealed the breach of contract. If properly pleaded, fraudulent concealment can vitiate the statutory bar of the limitations defense. 12 V.S.A. § 555. Thus, our holding concerning the statute of limitations does not dispose of the case if the concealment issue remains part of the pleadings. However, in a footnote to its brief, the appellant states a concession of these issues and a willingness to so stipulate.

What occurred next was a reference of the statute of limitations issue to a master. V.R.C.P. 53. The purpose of the reference is unclear because apparently no written order was prepared, the only information available being the exchange

between counsel and the court during the June 10, 1974, hearing and correspondence of the superior court clerk with the master. The reference is further complicated because the plaintiff-appellant directly objected to the reference by its insistence that the statute of limitations issue be determined by a jury when the entire case came to trial.

■ As stated above, this Court has held that a summary judgment may be granted to a moving party where the opposing party asserts a claim which is clearly barred by the statute of limitations. *Tierney, supra,* 131 Vt. at 51-52, 300 A.2d at 547 (1973). The purpose of a summary judgment hearing is solely to determine whether a genuine issue of fact exists. An adjudication of factual issues, once they are determined to exist, is a distinct undertaking separate from a decision whether to grant or deny a summary judgment. *Fonda* v. *Fay,* 131 Vt. 421, 306 A.2d 97 (1973). In this context, reference of the case to a master was error because the master was asked to find facts in connection with the determination of whether summary judgment should be granted. That indicates a purpose to resolve issues of disputed facts. Thus, what was to occur and did occur was an adjudication of facts as opposed to a determination whether or not a factual dispute actually existed. That outcome was in conflict with the very concept of the summary judgment rule and resulted in reversible error.

After the master filed his findings and conclusions, the plaintiff renewed his earlier effort to amend its complaint to include a count of contractual guarantee to repair by defendants Cummings and Rodd, as well as Koppers. This motion was again denied as previously noted. Since this count was never added to the pleadings in this matter, its disallowance means that the particular guarantee question raised by it was not part of the issues litigated.

Similarly, the third certified question concerns counts relating to guarantees by defendant Koppers. The master's findings and conclusions recommended and the trial court's October 23, 1975, order dismissed the action on its merits. The dismissal included counts 10 and 11. Thereafter, the order to allow an interlocutory appeal reinstated those counts without explanation. Defendant Koppers asserts that there is no factual

or legal basis to distinguish those claims against Koppers and argues they should have been dismissed also.

It is unclear why the second amendment to the complaint, which would have added the additional guarantee count, was twice denied. Likewise, it is unclear why counts 10 and 11 were dismissed, then reinstated. In all fairness, the issue of plaintiff's right to have the guarantee issues litigated in this case should be considered and treated consistently if it chooses upon remand to renew those claims.

The trial court's judgment of October 23, 1975, appears to be in the nature of an order granting summary judgment and we treat it as such. The compound of errors above necessitates reversal of that order and remand for a reconsideration of the various claims consistent with the views expressed in this opinion.

*Reversed and remanded.*

**Billings, J.**, concurring and dissenting. I agree with the majority opinion in all particulars, except I believe that the so-called discovery rule should be adopted as the law of this jurisdiction. In my view, the discovery rule provides the appropriate standard for ascertaining when the cause of action accrues for purposes of the statute of limitations. 12 V.S.A. § 511. I am unable to hide behind the majority's reasoning that inertia on the part of the Legislature bars us from overruling *Murray* v. *Allen*, 103 Vt. 373, 154 A. 678 (1931). "Legislative inaction is a weak reed upon which to lean in determining legislative intent." *Berry* v. *Branner*, 245 Or. 307, 311, 421 P.2d 996, 998 (1966). This is especially true in view of the changes that have occurred since 1931. I find it particularly compelling that the Legislature has overruled the precise holding in *Murray* by enacting the discovery rule for all injuries to the person caused by the act or default of another. 12 V.S.A. § 512(4).

The majority acknowledges that the modern trend of the law is towards the adoption of the discovery rule, and their view is amply supported by well-reasoned authority in the decisional law of sister states. Accountants: *Moonie* v. *Lynch*, 256 Cal. App. 2d 361, 64 Cal. Rptr. 55 (1967); *Isaacson, Stolper & Co.* v. *Artisan's Savings Bank*, 330 A.2d 130 (Del. 1974); *Chisholm* v.

*Scott,* 86 N.M. 707, 526 P.2d 1300 (1974); *Atkins* v. *Crosland,* 417 S.W.2d 150 (Tex. 1967). Architects: *Housing Authority of Limon* v. *Leo A. Daley Co.,* 35 Colo. App. 244, 533 P.2d 937 (1975); *Society of Mount Carmel* v. *Fox,* 31 Ill. App. 3d 1060, 335 N.E.2d 588 (1975); *Chrischilles* v. *Griswold,* 260 Iowa 453, 150 N.W.2d 94 (1967). Attorneys: *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal. 3d 176, 491 P.2d 421, 98 Cal. Rptr. 837 (1971); *Mumford* v. *Staton, Whaley & Price,* 254 Md. 697, 255 A.2d 359 (1969); *Hendrickson* v. *Sears,* 365 Mass. 83, 310 N.E.2d 131 (1974). Designers and Engineers: *Hunt* v. *Star Photo Finishing Co.,* 115 Ga. App. 1, 153 S.E.2d 602 (1967); *Mattingly* v. *Hopkins,* 254 Md. 88, 253 A.2d 904 (1969); *Banner* v. *Town of Dayton,* 474 P.2d 300 (Wyo. 1970). Surveyors: *Doyle* v. *Linn,* 37 Colo. App. 214, 547 P.2d 257 (1975); *Rozny* v. *Marnul,* 43 Ill. 2d 54, 250 N.E.2d 656 (1969); *New Market Poultry Farms, Inc.* v. *Fellows,* 51 N.J. 419, 241 A.2d 633 (1968).

In the case at bar, the nature of the defect or injury is inherently unknown and latent in nature. Much of the defendants' work was done out of plaintiff's view. Moreover, the plaintiff is not an expert and should not be expected to recognize the expert defendants' negligence or the breach of their contractual duties. Nor should the plaintiff be expected to hire an expert to do the same. *Hendrickson* v. *Sears, supra,* 365 Mass. at 90, 310 N.E.2d at 135. To say that a cause of action accrues to a person or legal entity when the person or entity may maintain an action thereon and, at the same time, that it accrues before the person or entity has or can reasonably be expected to have knowledge of any wrong inflicted is patently inconsistent and unrealistic. One cannot maintain an action before one knows there is one. To say to one who has been wronged, "You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy," makes a mockery of the law. In the absence of an express statutory direction to that effect, to ascribe this meaning to the word "accrue" is unreasonable. *Berry* v. *Branner, supra,* 245 Or. at 312, 412 P.2d at 998.

This Court stated in *Union School District No. 20* v. *Lench,* 134 Vt. 424, 427, 365 A.2d 508, 511 (1976) that "[a]bsent legislative action in fields other than medical malpractice, it may become necessary to reappraise the holding in *Murray.*" Now is the time to do so. In cases involving negligence and breach of contractual duties by professionals and experts,

including architects, contractors, and roofing experts, a cause of action should accrue under 12 V.S.A. § 511 on the date the injury or damage is discovered or in the exercise of reasonable diligence should have been discovered. There are compelling equitable and policy considerations for adopting the discovery rule. *Murray* v. *Allen, supra,* should now be overruled.