*State v. Atlantic Richfield Company*, No. 340-6-14 Wncv (Teachout, J., January 15, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 340-6-14 Wncv** |

**STATE OF VERMONT,**
**Plaintiff**

**v.**

**ATLANTIC RICHFIELD COMPANY, et al.**
**Defendants.**

### DECISION
### <u>Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation's Motion to Dismiss</u>

This matter is before the Court on a Motion to Dismiss filed July 18, 2014 by defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation ("Exxon"). The majority of the 28 co-defendants named in the State's Complaint have joined in Exxon's Motion to Dismiss. Oral argument was held on the motion on November 13, 2014. At oral argument all defendants were represented by Attorney David J. Lender. The State of Vermont was represented by Assistant Attorney General Scot L. Kline.

### <u>Background</u>

This action relates to contamination of Vermont waters by methyl tertiary butyl ether ("MTBE"), a gasoline additive. The State has filed this action against 29 defendants, all of whom allegedly participated in the promotion, marketing, distribution, and sale of gasoline containing MTBE in Vermont. Due to its chemical characteristics, MTBE spreads farther through groundwater and is more difficult to remediate than other gasoline constituents. The State seeks remediation and recovery costs under a number of legal theories, including the violation of Vermont groundwater and natural resource protection statutes, negligence, strict products liability, public and private nuisance, trespass, and civil conspiracy.

MTBE has been a known contaminant of Vermont waters since the early 2000s. In 2005, the Vermont legislature recognized the dangers posed by MTBE and passed legislation banning the sale or storage of gasoline containing MTBE effective January 1, 2007. Despite this ban, the State alleges in the complaint that "[o]ver the past six years, testing at sites and monitoring or [sic] production wells across the State has revealed for the first time newly discovered MTBE contamination in groundwater that was not reasonably discoverable prior to then." Compl. ¶ 172, filed June 5, 2014.

Neither Exxon nor any other defendant has filed an Answer. Rather, Exxon filed, and other defendants joined, a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to V.R.C.P. 12(b)(6). In their Motion to Dismiss, Defendants argue that the

State's complaint is time barred by the general six-year statute of limitations for civil actions, 12 V.S.A. § 511.

## Analysis

The purpose of a Rule 12(b)(6) motion is to test the law of the claim, not the facts that might support it. *Kane v. Lamothe,* 2007 VT 91, ¶ 14, 182 Vt. 241. The court will only grant a motion to dismiss for failure to state a claim "when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint that would entitle the plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. In examining a Rule 12(b)(6) motion, the court assumes that all factual allegations in the complaint are true and must also "accept as true all reasonable inferences that may be derived from plaintiff's pleading." *Richards v. Town of Norwich,* 169 Vt. 44, 48–49 (1999). "Since averments of time and place are material for testing the sufficiency of a complaint, defenses based on a failure to comply with the applicable statute of limitations are properly raised in a motion to dismiss." *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 634 (2002). Thus, if, accepting as true all factual allegations in the complaint and all reasonable inferences drawn therefrom the complaint does not state a claim that accrued within the limitations period, the motion should be granted and the complaint dismissed.

Exxon argues that because the State knew of MTBE contamination in Vermont and knew of the harmful environmental effects of MTBE on State waters by 2007 at the latest, the complaint, which alleges a generalized injury to the state waters as a whole, is time-barred and should be dismissed.

The State opposes the motion, arguing that there is no statute of limitations for claims related to a public trust resource. The State relies on 12 V.S.A. § 462, which provides that the statute of limitations shall not extend to "lands belonging to the state." This is an exception to the general rule that the limitations "for the commencement of actions shall apply to the same actions when brought in the name of the state, or otherwise, for the benefit of the state, as in actions brought by citizens." 12 V.S.A. § 461. Although the Supreme Court has upheld the § 462 exemption as constitutional, its review explicitly characterized the provision as exempting "ownership claims" relating to State *lands*. *Chittenden v. Waterbury Ctr. Cmty. Church, Inc.*, 168 Vt. 478, 483 (1998).[1] In other words, the usual effect of § 462 is that plaintiffs cannot assert adverse possession ownership claims against the State or other entities identified in the statute. See, e.g., *Roy v. Woodstock Cmty. Trust, Inc.*, 2013 VT 100A, ¶ 45.

In arguing that § 462 somehow eliminates a statute of limitations defense when the the State asserts harm to groundwater, a public trust resource, the State relies on the 1918 Vermont Supreme Court decision in *Hazen v. Perkins*. 92 Vt. 414 (1918). That case involved, in relevant

---

[1] A paragraph in this case summarizes the effect of the pertinent statute of limitations provisions: "Generally, Vermont law applies a fifteen-year limitation period to actions seeking recovery or possession of land. See 12 V.S.A. § 502. Accordingly, one who seeks to maintain a claim of adverse possession or to assert a prescriptive easement must demonstrate that the use or possession in question has outlasted this limitation period. See *Community Feed Store, Inc. v. Northeastern Culvert Corp.*, 151 Vt. 152, 155, 559 A.2d 1068, 1070 (1989) (noting that elements of adverse possession and prescriptive easement claims are 'essentially the same'). In this case, however, there is no limitation period because of the effect of 12 V.S.A. § 462. That provision exempts from any limitation period all ownership claims relating to 'lands given, granted, sequestered or appropriated to a public, pious or charitable use, or to lands belonging to the state.' *Id.*"

part, the defendant's claim that he had obtained "a prescriptive right to control the flow of water from [Lake Morey] by means of a dam or gate at the outlet." *Id*. at 420. While the Court did note that the water of the lake and land underneath the lake were held by the state "for the common and public use of all," it grounded its rejection of the defendant's prescriptive easement argument in a statutory predecessor of § 462. *Id*. In doing so, the Court specifically held "[w]ith such a statute in force, no *prescriptive rights*, such as are here claimed by defendant, *affecting real property of the State*, could be acquired." *Id*. (emphasis added). Control of the water level occurred "by the dam and sluice erected at the outlet by direction of the General Assembly. . ." *Id*. In other words, the claimant would not have been able to control the water level without having an interest in the dam and sluice, which were physical components of real property owned by the State. This case is consistent with § 462 cases generally, i.e., that one cannot acquire interests in real property interests owned by the State by adverse possession. It does not support the State's argument in this case that § 462 exempts the State from the requirement to file claims of injury within the statute of limitations period.

Since 1918, § 462 has been applied consistently to preclude claims of adverse possession or prescriptive rights against real property of the State. Section 462 has never been applied to common law tort actions or actions by the state to enforce environmental statutes, even where a public trust resource is involved. This comports with the plain language of § 462, which applies only to "*lands* belonging to the state." Section 462 does not, therefore, eliminate the statute of limitations for causes of action for injury to the State's waters as a whole as a public trust resource.

Thus, the Court must determine whether, based on the facts alleged in the complaint, the State has asserted claims that accrued within the six year limitations period.

A cause of action accrues "upon 'the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery." *Agency of Natural Resources v. Towns*, 168 Vt. 449, 452 (1998) (quoting *Union Sch. Dist. v Lench*, 134 Vt. 424, 427 (1976)). Considering the complaint as a whole, the State primarily alleges a generalized injury to the State's groundwater as a public trust resource. As the State undisputedly discovered this generalized injury more than six years ago, this claim is time-barred by the six year statute of limitations in 12 V.S.A. § 511. Therefore, Exxon's motion to dismiss must be granted to the extent that the State asserts a generalized claim of harm to the State's groundwater system as a whole, without reference to any specific geographic location or act of contamination.

This is not to say, however, that the State has not alleged and cannot establish some claims that are not time-barred. The State's broad assertion that it has, within the past six years, discovered MTBE contamination that was not reasonably discoverable before then does not provide specific factual information sufficient to determine when or where these specific claims of discovery occurred. While the State has not provided sufficient clarity in the complaint as filed, presumably based on its theory that a generalized claim was not time-barred, it has alleged discoveries within the past six years and may be able to identify claims that are not time-barred. Therefore, the court cannot conclude that there are no facts or circumstances under which the Plaintiff would be entitled to relief.

While the complaint will not be dismissed for this reason, as filed it does not sufficiently comply with the requirements of V.R.C.P. 9 (f) to put defendants on adequate notice of permissible claims. The State will be allowed additional time to amend the complaint to do so.

The State argues that one of its claims, brought under 10 V.S.A. § 1390, is timely as that statutory provision became effective in June 2008, which was within the limitations period. Section 1390, entitled "Policy," sets out the State's policy on protecting and managing the State's groundwater. It does not, on its face, authorize a specific new cause of action. This legislation does not relieve the State from meeting the statute of limitations requirements.

Finally, the State argues that the "continuing tort doctrine" prevents application of the statute of limitations to some or all of the State's claims. This doctrine has not been adopted in Vermont. Even assuming it applies, however, the question of under what circumstances the doctrine applies is one of fact and therefore its determination must await specific findings regarding what injuries the State suffered, when, and the nature of the State's claim. At this point, the issue is whether sufficient facts have even been alleged that would support a claim based on the doctrine.

## Conclusion

The exemption in 12 V.S.A. § 462 does not act as a complete bar to the application of the statute of limitations in 12 V.S.A. § 511 for alleged generalized injury to Vermont's groundwater system as a whole. Thus, to the extent the State's complaint puts forth a generalized injury to State waters, such a claim is dismissed.

Because the complaint encompasses within it the assertion of discovery within the last six years of contamination not reasonably discoverable before then, the court cannot conclude that the entire case should be dismissed. Nonetheless, the State has the obligation to comply with the pleading requirements of V.R.C.P. 9 (f) rather than make only a highly generalized claim.

## Order

For the foregoing reasons, the motion to dismiss is granted as to pursuit of a claim for a generalized injury to the State waters as a whole, and otherwise *denied* at this time.

The State is granted 60 days to file an amended complaint that complies sufficiently with V.R.C.P. 9 (f) for purposes of Rule 12(b)(6).

Pending motions regarding case management will not be addressed until the filing of an amended complaint and answer to the amended complaint.

Dated at Montpelier, Vermont this 15th day of January 2015.

_____
Mary Miles Teachout
Superior Judge

4