# The University of Vermont and State Agricultural College v. W.R. Grace & Company

[565 A.2d 1354]

No. 88-181

Present: **Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed August 4, 1989

*Stephen J. Soule* and *John T. Sartore* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*John M. Dinse* and *Karen McAndrew* of *Dinse, Erdmann & Clapp*, Burlington, and *Kenneth A. Cohen, James J. Dillon* and *Lon F. Povich* of *Goodwin, Procter & Hoar*, Boston, Massachusetts, for Defendant-Appellee.

*Jeffrey L. Amestoy*, Attorney General, *Geoffrey A. Yudien*, Assistant Attorney General, and *Michele Traboscia*, Law Clerk (On the Brief), Montpelier, for amicus curiae.

**Morse, J.** The issue presented by this case is whether the statute of limitations, in a product liability action alleging property damage due to asbestos contamination, begins to run from the time the product was purchased and installed or from the moment the damage was or should have been discovered. The trial court, measuring from the former, entered summary judgment for defendant on the ground that plaintiff's claims

were barred by the six-year statute of limitations as provided in 12 V.S.A. § 511.[1] We reverse and remand.

Defendant manufactured Mono-Kote 3 (MK 3), which is sprayed on surfaces to make them fireproof. The University of Vermont (UVM) used MK 3 sold by defendant from August 1971 to February 1972 in the process of converting an old athletic fieldhouse into a central heating plant. The product was shipped to the job site in a dry powder, mixed with water, and sprayed against the surfaces to be fireproofed. At the time, plaintiff did not know MK 3 contained asbestos. It was not until 1985, according to UVM, that it discovered the presence of asbestos in the fireproofing in the heating plant.

In May of 1986, UVM filed this lawsuit, seeking to recover, under a variety of theories, actual and punitive damages. Plaintiff also sought restitution and a declaratory judgment that defendant is liable to UVM for indemnification in all claims that may be brought by persons injured by exposure to the asbestos.[2]

I.

12 V.S.A. § 512(4) provides that actions for personal injury shall be commenced within three years after the cause of action accrues "provided that the cause of action shall be

---

[1] Section 511 provides:

A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter.

[2] The trial court denied the request for declaratory judgment as premature, as there were no lawsuits yet filed by third parties against UVM to recover for asbestos-related injuries. We affirm this portion of the court's order. The requested relief concerns a matter so speculative that any decision thereon would be an advisory opinion. See *Lace v. University of Vermont*, 131 Vt. 170, 175, 303 A.2d 475, 478 (1973).

Plaintiff's restitution claim is based on the Restatement of Restitution § 115 (1937), which provides a cause of action for restitution where a person has, inter alia, "performed the duty of another by supplying things or services ... [that] were immediately necessary to satisfy the requirements of public decency, health, or safety." There is no allegation here, however, that plaintiff removed any asbestos from the heating plant; thus the restitution claim, even if otherwise colorable, is also premature, and we need not address what statute of limitations period would be applicable.

deemed to accrue as of the date of the discovery of the injury."[3]
See also 12 V.S.A. § 518(a) (similar discovery-driven statute
of limitations for "radiation injury or injury from other
noxious agents medically recognized as having a prolonged
latent development"); 12 V.S.A. § 521 (discovery-driven statute
of limitations for medical malpractice actions); *Lillicrap v.
Martin*, ––– Vt. –––, –––, ––– A.2d –––, ––– (19––) (statute of
limitations in medical malpractice case "does not commence
to run until the plaintiff has discovered his 'legal injury,' such
that the statute begins to run only when the plaintiff has or
should have discovered both the injury and the fact that it may
have been caused by the defendant's negligence or other
breach of duty").

Since the claims in this case do not fall under the categories
listed in § 512, the trial court found that the applicable statute
of limitations is the six-year period for "civil actions" provided
in 12 V.S.A. § 511.[4] Unlike § 512(4), § 511 does not define
"accrual." The question before us, therefore, is whether the
discovery rule, defining the point at which the cause of action
accrues as the time of discovery of the injury, applies in cases
under § 511. Past decisions of this Court have held it did not.
See, e.g., *South Burlington School District v. Goodrich*, 135 Vt.
601, 604–05, 382 A.2d 220, 222 (1977) (Court declined to adopt
"discovery rule" in actions where 12 V.S.A. § 511 provided the

---

[3] Section 512 provides:

> Actions for the following causes shall be commenced within three years
> after the cause of action accrues, and not after:
> (1) Assault and battery;
> (2) False imprisonment;
> (3) Slander and libel;
> (4) Except as otherwise provided in this chapter, injuries to the person
> suffered by the act or default of another person, provided that the cause
> of action shall be deemed to accrue as of the date of the discovery of the
> injury;
> (5) Damage to personal property suffered by the act or default of
> another.

[4] For purposes of this appeal, we assume without deciding that § 511 is the
applicable provision. In a footnote in its brief, defendant maintains that the
four-year period of limitations of the Uniform Commercial Code, 9A V.S.A.
§ 2—725, is the applicable period for "at least some of the claims in this
action." Defendant, however, did not file a cross-appeal on the issue, and,
in any event, the question is inadequately briefed.

applicable limitations period). The law has since changed, however.

In *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 521–26, 496 A.2d 154, 160–61 (1985), we held that the discovery rules of §§ 512(4) and 518 may be applied retroactively, that is, to causes of action arising before the enactment of the statutes. The holding in *Cavanaugh* is not limited to personal injury actions, however. The Court wrote broadly:

> We hold that the rule of *Murray v. Allen* [103 Vt. 373, 154 A. 678 (1931) (statute of limitations begins to run at time of last negligent act attributable to defendant)] is of no further effect in determining the date when a statute of limitations, *such as* 12 V.S.A. §§ 512 and 513, commences to run ....

*Id.* at 520, 496 A.2d at 157 (emphasis added). Section 513 provides a special one-year limit on actions to recover for skiing injuries, and, unlike § 512(4), does not contain language explaining that the cause of action accrues only when the injury is discovered. Thus it is clear that the discovery rule in *Cavanaugh* applies even where the statute is silent on the matter. The Court continued:

> We are ... convinced that adopting a rule of discovery, which *coincides* with those rules of discovery adopted by the legislature in 12 V.S.A. §§ 512(4) (Supp. 1984) and 518(a), allows for a uniform means for determining the time of accrual, regardless of the actual date of accrual in any specific case.

*Id.* at 526, 496 A.2d at 160–61 (emphasis added). See also *Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 523–24, 464 A.2d 288, 294 (1983) ("[A] cause of action does not accrue until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof.") and cases cited.

We now reaffirm the "uniform rule" established in *Cavanaugh*, and hold specifically that the discovery rule should be read into § 511. As then Justice Billings stated:

> To say that a cause of action accrues to a person or legal entity when the person or entity may maintain an action thereon and, at the same time, that it accrues before the

person or entity has or can reasonably be expected to have knowledge of any wrong inflicted is patently inconsistent and unrealistic. One cannot maintain an action before one knows there is one. To say to one who has been wronged, "You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy," makes a mockery of the law. In the absence of an express statutory direction to that effect, to ascribe this meaning to the word "accrue" is unreasonable.

*South Burlington School District*, 135 Vt. at 609, 382 A.2d at 225 (Billings, J., dissenting).

These views are especially persuasive in suits to recover the costs of removing asbestos, a material used extensively in construction before its dangers fully came to light—or at least before manufacturers warned purchasers of its hazards. The federal Environmental Protection Agency first regulated the spray-on application of asbestos products in building construction in 1973. See 43 Fed. Reg. 26,372 (1978) (amending ban on spray application of materials containing more than one percent asbestos). Running the six-year statute of limitations from the time of application of the asbestos product, as did the trial court here, would thus bar as untimely all efforts in the courts after 1979 to seek recovery for the costs of abatement, even where the presence of asbestos was discovered by the property owner only years later. We are unwilling to turn the statute of limitations into such an unjust and inflexible tool.

We note that our decision today is consistent with the law in a large number of other jurisdictions, see *South Burlington School District*, 135 Vt. at 608–09, 382 A.2d at 224–25 (Billings, J., dissenting) (citing cases); indeed, in 1977, this Court noted (but did not agree with) the "well-reasoned authority in the statutory and decisional law of sister states demonstrating this trend in the law." *Id.* at 605, 382 A.2d at 222 (majority opinion).

## II.

Precisely when plaintiff's cause of action accrued will require factual development at trial. Summary judgment at this stage is inappropriate. *Levy v. Town of St. Albans Zoning*

*Board of Adjustment,* 152 Vt. 139, 147, 564 A.2d 1361, 1366 (1989). On remand, the trial court must determine when plaintiff knew or reasonably ought to have known of the damage allegedly caused by defendant's product. We note that the relevant inquiry concerns "the expanded concept of discovery of the injury ... plus its cause." *Lillicrap,* ––– Vt. at –––, ––– A.2d at –––. Plaintiff's cause of action accrued not when UVM discovered asbestos in the building, but only when it discovered, or should have discovered, which product contained the asbestos that caused the damage. " '[W]hen injuries are suffered that have been caused by an unknown act of negligence by an expert, the law ought not to be construed to destroy a right of action before a person even becomes aware of the existence of that right.' " *Id.* at –––, ––– A.2d at ––– (quoting *Foil v. Ballinger,* 601 P.2d 144, 147 (Utah 1979)).

We hold that the trial court measured the statute of limitations from the wrong starting point, and its dismissal of the action on that basis was error. We intimate no view on whether plaintiff's action is timely under a proper computation of the limitations period, for that question cannot be decided without the finding of facts that have yet to be developed.

*Reversed and remanded.*