## David R. Congdon v. Taggart Brothers, Inc.

[571 A.2d 656]

No. 88-223

Present: Peck and Dooley, JJ., and Levitt, D.J., Katz, Supr. J. and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed December 15, 1989

*Samuel Hoar, Jr.,* of *Dinse, Erdmann & Clapp,* Burlington, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee.

---

## Entry Order

In 1971 defendant built an addition on plaintiff's home. In 1983, the home was consumed by fire, and plaintiff alleges that the fire was caused by improper design and construction of the fireplace located in the addition built by defendant. Plaintiff's action against defendant for the value of the real and personal property consumed in the fire was dismissed by the trial court because it was commenced over six years after the allegedly negligent design and construction. See 12 V.S.A. § 511. In reaching its conclusion, the trial court followed *Murray v. Allen*, 103 Vt. 373, 154 A. 678 (1931), in holding that a cause of action "accrues" for purposes of 12 V.S.A. § 511 when the negligent act occurs and not when the consequential damages became known.

In *University of Vermont v. W.R. Grace & Co.*, 152 Vt. 287, 565 A.2d 1354 (1989), this Court explicitly overruled the definition of "accrues" contained in *Murray v. Allen* for property damage cases controlled by 12 V.S.A. § 511. Instead, we adopted a discovery rule as provided for personal injury cases by *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 521–26, 496 A.2d 154, 160–61 (1985), "defining the point at which the cause of action accrues as the time of the discovery of the injury." *University of Vermont v. W.R. Grace & Co.*, 152 Vt. at 289, 565 A.2d at 1356. Under that rule, "the trial court must determine when plaintiff knew or reasonably ought to have known of the damage allegedly caused by defendant." *Id.* at 292, 565 A.2d at 1357.

As in the *W.R. Grace & Co.* case, we hold that the trial court grounded its dismissal on the wrong starting point for the limitation period but do not decide whether plaintiff's action is timely under the proper computation of the limitation period.

*Reversed and remanded.*

**Katz, Supr. J.,** Specially Assigned, concurring in the result. We today reverse and hold that a home built in 1971 may give rise to a lawsuit in 1986, as a result of a 1983 fire. Put differently, we now hold that builders are liable for claims against their work virtually without limitation.

I agree this result is mandated by the holding in *University of Vermont v. W.R. Grace & Co.*, 152 Vt. 287, 290, 565 A.2d 1354, 1357 (1989), which redefined the concept of accrual in Vermont's general statute of limitations, 12 V.S.A. § 511. The Court correctly notes that *Grace* defines accrual as the time of discovery of the injury. *Id.* at 290, 565 A.2d at 1356–57. *Grace*, in turn, is presaged by *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 496 A.2d 154 (1985), and *Lillicrap v. Martin*, — Vt. —, —, — A.2d —, — (1989). Clearly, this Court has determined to rewrite the concept of accrual for limitations purposes, and there comes a time when existing precedent must be recognized to constitute the law. Reversal here is therefore mandated by the cited precedent.

That having been said, I must note the extent to which this Court has merely chosen to blaze its own way in the vital area of limitations on suit. In doing so, we have ignored both the role of the Legislature in changing statutory law and our role in interpreting that law by discerning and applying the Legislature's intent.

In 1931, we declared an action to accrue and the statute of limitation to begin to run at the time of the last negligent act attributable to defendant. *Murray v. Allen*, 103 Vt. 373, 376, 154 A. 678, 679 (1931). The statute of limitation here at issue, § 511, has not changed in any material way since *Murray*. However, in the intervening decades since *Murray*, the Legislature has enacted a discovery rule for radiation injuries, 12 V.S.A. § 518, a discovery rule for medical malpractice, 12 V.S.A. § 521, and one for personal injury, 12 V.S.A. § 512(4). In that time it has also enacted a new statute of limitation for the sale of goods expressly excluding discovery or knowledge of the breach. 9A V.S.A. § 2—725(2). Manifestly, Vermont's elected representatives know about the discovery rule and have been active in dealing with the concept. Yet they have chosen to leave the basic civil limitation statute, § 511, without such a rule.

We have repeatedly held that when the Legislature wishes to achieve a particular result, and shows that it knows how to do

so, the failure to do so in a particular case will be respected. E.g., *State Dept. of Taxes v. Tri-State Industrial Laundries*, 138 Vt. 292, 296, 415 A.2d 216, 219 (1980). Yet we have failed to follow that rule in this important line of cases. Instead, we have determined merely to substitute our own judgment of what is just or progressive. Indeed, *Grace* and *Lillicrap* are possibly unique examples of statutory application: neither even purports to engage in statutory construction or determine legislative intent. This unfortunate tide of cases now reaches its high-water mark with what must effectively be a complete alteration in the obligations and rights of builders and owners. Untold thousands of construction contracts have just been rewritten, expanding liability beyond what the parties ever envisioned, because no matter when a problem arises, a suit may well be timely.

While the result is ill-considered and reached wholly outside the democratic processes of lawmaking, I recognize that it is commanded by the cited precedent.

I am authorized to say Justice Peck joins in this opinion.