# The Howard Bank, N.A. v. Estate of Frederic Pope, Jr.; Pope & Pu, A Vt. Partnership; Jack R. Abell, A. Jay Kenlan and Keyser, Crowley, Banse & Facey, Inc.

[593 A.2d 471]

No. 89-278

Present: Gibson, Dooley and Morse, JJ., and Martin, Supr. J. and Mahady, D.J., Specially Assigned

Opinion Filed May 24, 1991

*Stephen J. Soule* and *Joseph E. Frank* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*Robert R. McKearin* and *Robert L. Sand* of *Dinse, Erdmann & Clapp*, Burlington, for Defendants-Appellees Estate of Pope and Pope and Pu.

*Robert D. Rachlin* and *Robert A. Miller, Jr.*, of *Downs Rachlin & Martin*, Burlington, for Defendants-Appellees Abell and Keyser, Crowley, Banse & Facey, Inc.

*Elizabeth A. Glynn* and *R. Joseph O'Rourke* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee Kenlan.

**Dooley, J.** This is a legal malpractice action in which the main question before us is whether the trial court erred in refusing to apply the discovery rule to determine when the cause of action accrued, and, as a result, in granting summary judgment for defendants. We hold that the summary judgment was erroneous and accordingly reverse and remand.

Plaintiff, Howard Bank, lent money to the Rutland Industrial Development Corporation and the Kors Company in order to buy equipment for Kors, the ultimate beneficiary of the loans. The money was loaned in three separate transactions which occurred in 1978 and 1979. The equipment was to serve as security for the loans. Plaintiff was unrepresented, but lawyers for Kors, defendants Frederick Pope, Jr., Jack Abell and A. Jay Kenlan, certified that plaintiff was fully secured. In fact, the lawyers failed to file financing statements naming Kors, and this led to extensive litigation over the security after Kors went into bankruptcy in late 1980. In March 1988, plaintiff sued the lawyers for damages caused by their alleged malpractice. The trial court held that in all cases more than six years had elapsed since the alleged negligent act, and therefore the action was barred by 12 V.S.A. § 511, the applicable statute of limitations.

On appeal, plaintiff urges us to adopt an accrual rule based either on the last date the injury could be avoided or on plaintiff's discovery of the injury. Since the trial court's action in this case, we have held that for purposes of the six-year limitation period provided in 12 V.S.A. § 511, a cause of action accrues at the time of the discovery of the injury. *University of Vermont v. W.R. Grace & Co.*, 152 Vt. 287, 290, 565 A.2d 1354, 1357 (1989). We have also held that legal malpractice claims involving economic loss are governed by § 511. *Fitzgerald v. Congleton*, 155 Vt. 283, 293, 583 A.2d 595, 601 (1990). Defendants argue that despite these precedents we should not apply a discovery rule to legal malpractice actions. In fact, the policy reasons supporting use of a discovery rule in malpractice actions are greater

than in other areas. See *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187–89, 491 P.2d 421, 428–29, 98 Cal. Rptr. 837, 844–45 (1971). Thus, the discovery rule has become the majority accrual rule in legal malpractice actions. See cases collected in *Willis v. Maverick*, 760 S.W.2d 642, 646–47 (Tex. 1988); 2 R. Mallen & J. Smith, Legal Malpractice § 18.14, at 132 (3d ed. 1989) (discovery rule is the "predominant doctrine of accrual"). We hold that the discovery rule applies to legal malpractice actions to define when the cause of action accrues.

■ Plaintiff has also argued for an alternative accrual rule based on when defendants could have still taken some action to protect an interest of the plaintiff. While this rule might be merged with a discovery rule, at least in part, we think that plaintiff's interests are adequately protected if we require discovery of both the injury and its cause, as held in *W.R. Grace & Co.* See *W.R. Grace & Co.*, 152 Vt. at 292, 565 A.2d at 1357; *Lillicrap v. Martin*, 156 Vt. 165, 176, 591 A.2d 41, 47 (1989).

■ Defendant Estate of Pope argues that summary judgment was appropriate with respect to it because the evidence shows as a matter of law that the alleged malpractice should have been discovered over six years before the action was filed, even after subtracting a period during which the parties agreed to toll the running of the statute. Summary judgment is appropriate if there is no genuine issue of material fact, after giving the opposing party the benefit of all reasonable doubts and inferences. See *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409, 578 A.2d 98, 100 (1990). When discovery has or should have occurred is normally a question of fact for the jury. *Lillicrap v. Martin*, 156 Vt. at 172, 591 A.2d at 44. There is a genuine issue of when discovery occurred in this case; summary judgment was inappropriate.

■ Defendant Kenlan argues that dismissal of the action was appropriate because the lawyers represented Kors, rather than plaintiff, and cannot be sued by a nonclient. The trial court never ruled on this issue, and we decline to do so for the first time on appeal.

*Reversed and remanded.*