**Janice EGRI v. U.S. AIRWAYS, INC.**

[804 A.2d 766]

No. 00-569

May 22, 2002. The United States District Court for the District of Vermont has certified to this Court the following question:[1] Whether plaintiff Janice

Egri's claim under the Vermont Fair Employment Practices Act, 21 V.S.A. §§ 495-496, is governed by the three-year statute of limitations of 12 V.S.A. § 512(4) or the six-year statute of limitations of 12 V.S.A. § 511. As explained more fully below, we answer the question as follows: The three-year limitation statute governs plaintiff's claim for emotional distress resulting from her loss of employment, while the six-year statute governs her claim for economic loss of income and benefits.

As set forth in plaintiff's complaint, the facts relevant to the question may be summarized as follows:[2] Plaintiff began working for defendant U.S. Airways, then called Allegheny Airlines, in 1972. In 1983, she was transferred to the Burlington airport, where she worked as a customer service agent. In October 1993, plaintiff suffered a herniated lumbar disc while on the job and ceased working. Her doctor released her to return to work in March 1994, with restrictions due to her back injury. She sought to return, requesting reasonable accommodation, but was refused because she was unable to perform every task that she had previously performed.

On June 1, 1999, plaintiff filed suit against defendant in Chittenden Superior Court, alleging that, by refusing to reasonably accommodate her disability, defendant had violated the provision of the Vermont Fair Employment Practices Act (FEPA) prohibiting discrimination against qualified individuals with disabilities. 21 V.S.A. § 495(a)(1). Plaintiff claimed that, as a result of defendant's conduct, she had "suffered lost income

---

[1] V.R.A.P. 14(a) authorizes a court of the United States to certify a question of Vermont law to this Court if the answer may be determinative of an issue in pending litigation in the certifying court. We may, in our discretion, decline to answer, reformulate the question, or accept the

question as certified. V.R.A.P. 14(a) & (b).

[2] V.R.A.P. 14(d)(1)(B) provides that the order of certification shall include "[t]he facts relevant to the question, showing fully the nature of the controversy out of which the question arose."

and benefits," as well as "emotional distress resulting from her loss of employment."

Defendant removed the case to the United States District Court for the District of Vermont on the basis of diversity jurisdiction, and moved to dismiss the action, arguing that plaintiff had failed to bring her claim within the three-year statute of limitations governing suits for "injuries to the person." 12 V.S.A. § 512(4).[3] Plaintiff acknowledged that the complaint was barred if governed by § 512(4), but argued that it should be controlled instead by the general six-year limitation period of 12 V.S.A. § 511.[4] Relying upon an earlier

decision of the United States District Court, *Fellows v. Earth Construction, Inc.*, 794 F. Supp. 531, 535-36 (D. Vt. 1992), the court held that the three-year statute applied and dismissed the complaint as time barred. Although the district court initially declined a request to certify the statute-of-limitations question to this Court, it subsequently reconsidered its ruling following an appeal and remand from the Second Circuit Court of Appeals, and certified the question whether plaintiff's FEPA claim was governed by the three-year statute of limitations under § 512(4), or the six-year statute of limitations under § 511. We accepted the certified question, and the issue was subsequently briefed and argued by the parties.

The central point of defendant's argument, and the United States District Court decision, is that there is only one limitation period governing all FEPA claims, irrespective of the nature of the injury alleged by plaintiff. We believe that this position is directly inconsistent with our decisions construing §§ 511 and 512. We have repeatedly held: "it is the nature of the harm done, rather than the plaintiff's characterization of the cause of action, that determines which statute of limitations governs." *Bull v. Pinkham Eng'g Assocs., Inc.*, 170 Vt. 450, 455, 752 A.2d 26, 31 (2000). In *Fitzgerald v. Congleton*, 155 Vt. 283, 291-93, 583 A.2d 595, 599-601 (1990), we decided how this principle applies when a plaintiff alleges harm that falls into more than one category. The plaintiff asserted in *Fitzgerald* that, as a result of the defendant's legal malpractice committed more than three years earlier, she had suffered "emotional distress" and "personal humiliation" through the loss of custody of her son, 155 Vt. at 289, 583 A.2d at 599, as well as "the costs incurred by her to secure the return of her child, including

---

[3] Section 512 provides, in its entirety, as follows:

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
> (1) Assault and battery;
> (2) False imprisonment;
> (3) Slander and libel;
> (4) Except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury;
> (5) Damage to personal property suffered by the act or default of another.

[4] Section 511 provides as follows:

> A civil action, except one brought upon the judgment or decree of a court of record of the United States or this or some other state, and except as otherwise provided, shall be commenced within six years af-

---

> ter the cause of action accrues and not thereafter.

such expenses as her attorney's fees." *Id.* at 293, 583 A.2d at 601. We concluded, accordingly, that "the nature of the harm alleged to have been done to plaintiff herein is *mixed* — some of her alleged injuries are personal injuries within the meaning of § 512(4), while some are not." *Id.* at 290, 583 A.2d at 599 (emphasis added). In such a case, we explained, "[a] single complaint may contain multiple causes of action, some of which are time-barred and some not." *Id.* Finding that plaintiff's complaint fell into the category just described, we held that the plaintiff's emotional distress claim was governed by the three-year limitations period of § 512(4), and therefore time-barred, while her claim for costs and expenses was controlled by the six-year provision of § 511, and therefore timely. *Id.* at 293, 583 A.2d at 601. More recently in *Politi v. Tyler*, 170 Vt. 428, 435, 751 A.2d 788, 793 (2000), a malpractice and intentional infliction of mental distress case against a psychologist, we applied the holding of *Fitzgerald* to find that part of the alleged injury was subject to a three-year limitation period under § 512(4) and part a six-year limitation period under § 511.

Defendant suggests that we have abandoned the *Fitzgerald* approach in the recent memorandum decision of *Rennie v. State*, 171 Vt. 584, 586-87, 762 A.2d 1272, 1276 (2000) (mem). *Rennie* did not purport to modify *Fitzgerald*; in fact, it relied upon it. It did apply § 512(4) because the "gravamen or essence" of the specific claim before the court was for personal injury and not economic loss. *Id.* This inevitable process of categorizing a vaguely-worded complaint does not undermine the teaching of *Fitzgerald*: that, where a complaint clearly alleges injury covered by § 512 and injury covered by § 511, the two different limitation periods apply, even though there is only one wrongful act.

Defendant also argues that we should view the statute-of-limitations question as one of applying FEPA and, consistent with our policy of looking to federal law to construe FEPA, see *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 165, 624 A.2d 1122, 1130 (1992), we should follow federal cases holding that state statutes of limitation for personal injury tort actions apply to civil rights actions under 42 U.S.C. § 1983 and § 1981, notwithstanding their potential economic consequences, because the essence of the claim is "an injury to the individual rights of the person." *Wilson v. Garcia*, 471 U.S. 261, 277-79 (1985); see also *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 (1987) (racial discrimination is "a fundamental injury to the individual rights of a person"). In *Fellows v. Earth Construction, Inc.*, 794 F. Supp. at 536, the federal district court for Vermont relied on *Wilson* in predicting that we would apply our three-year statute to FEPA claims, and the district court in this case relied, in turn, on *Fellows* in dismissing plaintiff's entire complaint as untimely.

The difficulty with defendant's argument is that FEPA contains no applicable statute of limitations, and we must determine the applicable limitation period(s) from §§ 511 and 512, statutes that were authoritatively construed in *Fitzgerald*. For that reason, we cannot hold that *Fitzgerald* applies only to common law actions or only to particular types of statutory actions, whatever we may believe is the best policy.

For the same reason, we reject the argument of defendant, and amicus curiae Associated Industries of Vermont and the Vermont Retail Association, that we decide for policy reasons detailed in *Montells v. Haynes*, 627 A.2d 654, 657-58 (N.J. 1993), that a uniform three-year-limitation period applies to FEPA actions. These policy reasons are better directed to the Legislature in support of a special statute of limitations for FEPA actions.

*Fitzgerald* also governs how we must analyze the complaint in this case. Plaintiff separately alleged economic loss,

"lost income and benefits," and emotional distress. We have repeatedly held that § 511 applies to actions seeking damages for economic loss, including monetary claims for lost profits. See *Bull*, 170 Vt. at 455-56, 752 A.2d at 31; see also *Politi*, 170 Vt. at 435, 751 A.2d at 793 (medical malpractice claim seeking damages for work interruption was for economic losses under § 511); *Inv. Props., Inc. v. Lyttle*, 169 Vt. 487, 494, 739 A.2d 1222, 1228 (1999) (§ 511 governs indemnity action seeking money damages resulting from defective flooring in condominiums); *Congdon v. Taggart Bros., Inc.*, 153 Vt. 324, 325, 571 A.2d 656, 657 (1989) (mem.) (§ 511 applies to action against builder for monetary damages resulting from fire allegedly caused by negligent design and construction of building).

Claims for damages resulting from "emotional distress," in contrast, fall within the scope of "injuries to the person" and therefore are governed by § 512(4). See *Fitzgerald*, 155 Vt. at 291-93, 583 A.2d at 599-601; accord *Rennie*, 171 Vt. at 586-87, 762 A.2d at 1276. As we explained in *Fitzgerald*, "[t]he rationale for including emotional distress within the term 'bodily injury' is that it is often difficult, even for doctors, to distinguish between mental and physical injuries, since emotional disturbances have physical aspects and physical disturbances have emotional aspects." 155 Vt. at 292, 583 A.2d at 600-01.

A similar conclusion readily follows here. Plaintiff's claim for lost wages and benefits resulting from the alleged FEPA violation plainly seeks damages for economic losses, and therefore is governed by § 511. See *Politi*, 170 Vt. at 435, 751 A.2d at 793 (plaintiff's claim for damages resulting from her inability to continue in her career and inability to work for long periods was for economic losses under § 511). Accordingly, this portion of plaintiff's action was timely and may proceed. The emotional distress

claim, however, plainly seeks damages for "injuries to the person" under § 512(4), as interpreted in *Fitzgerald*, and is therefore time-barred, as the complaint was not filed within three years of accrual of the claim.

Although the result here would appear to be obvious under *Fitzgerald*, plaintiff nevertheless asserts that her emotional distress claim is distinct from *Fitzgerald*, and more appropriately governed by § 511. The argument is unpersuasive. It is true, as plaintiff observes, that in characterizing the emotional distress claim in *Fitzgerald* as one for "injuries to the person" we cited the traditional common law rule allowing recovery for emotional distress only when accompanied by substantial bodily injury. *Fitzgerald*, 155 Vt. at 292, 583 A.2d at 600. It is also true that we have distinguished the evidentiary burdens necessary to establish damages for emotional distress under statutes such as FEPA from the more stringent requirements under common law tort theories. See *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 248, 668 A.2d 659, 667 (1995). As noted earlier, however, our express "rationale" for including emotional distress within the scope of § 512(4) was not the requirement that emotional distress result in bodily injury, but instead the difficulty of "distinguish[ing] between mental and physical injuries, since emotional disturbances have physical aspects and physical disturbances have emotional aspects." *Fitzgerald*, 155 Vt. at 292, 583 A.2d at 600-01. *Fitzgerald*, therefore, applies equally to statutory and common law causes of action for emotional distress.

We similarly reject defendant's argument that the 1947 amendment to § 512(4), modifying the language from "damages for bodily hurt" to "injury to the person," demonstrates an intent to greatly expand the coverage of § 512(4) to apply to the economic loss alleged by plaintiff in this case. Whatever the purpose behind the 1947 change, see *Fitz-*

gerald, 155 Vt. at 291 n.6, 583 A.2d at 600 n.6 (noting that the general statutory revision suggests the *lack* of an intent to change its meaning, but declining to decide the issue), we discern no intent to expand the scope of § 512(4) to include virtually any harm that may be broadly characterized as affecting the personal dignity of the plaintiff. See *Alpstetten Ass'n v. Kelly*, 137 Vt. 508, 512, 408 A.2d 644, 646 (1979) ("injury to the person" does not "cover all actions that allege harm that is somehow personal to the plaintiff").

*The certified question is answered as follows: The three-year statute of limitations under 12 V.S.A. § 512(4) governs plaintiff's claim for emotional distress resulting from defendant's alleged violation of the Fair Employment Practices Act; the six-year statute of limitations under 12 V.S.A. § 511 governs plaintiff's claim for lost income and benefits resulting from defendant's alleged violation of the Act.*