## STATE OF VERMONT
## CHITTENDEN COUNTY, SS.

PROSPECT VENTURE. L.P., )
      Plaintiff, )
  )
  v. )
  )
ENGELBERTH CONSTRUCTION, INC., )     Chittenden Superior Court
      Defendant, )     Docket No. S1273-00 CnC
  )
  v. )
  )
FRENCH & BULEY CONSTRUCTION, INC., )
BOB SCHUMACHER, NORMAN HAYES, )
CHRIS KITTELL, d/b/a/ KITTELL BUILDERS )
AND CARL FRITZ, d/b/a EAGLE BUILDERS, )
      Third-Party Defendants. )

CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

JUL - 2 2002

DIANE A LAVALLEE
CLERK

## MEMORANDUM OF DECISION
### Motions for Summary Judgment

    This case is before the court on numerous motions for summary judgment filed by the defendant and third-party defendants. The first was filed by Third-party Defendant Chris Kittell on January 14, 2002. The second was filed by Third-party Defendant Carl Fritz on January 28, 2002. The third was filed by Third-party Defendant Bob Schumacher on February 5, 2002. On February 5, 2002, Defendant Engelberth Construction filed a Motion for Summary Judgment against the plaintiff and filed a partial opposition to the third-party defendants' motions for summary judgment. On March 6, 2002, plaintiff replied in opposition to all of the summary judgment motions. On March 22, 2002, Engelberth filed a reply to plaintiff's opposition and on March 25, 2002, Kittell filed a reply to both plaintiff and defendant's opposition. Third-party defendant Chris Kittell is represented by Michael H. Lipson, Esq. Third-party defendant Carl Fritz is represented by Richard Wadhams, Jr., Esq. Third-party defendant Bob Schumacher is represented by E. William Leckerling, Esq. Defendant, Engelberth Construction, is represented by Daniel L. Burchard, Esq. Plaintiff, Prospect Venture, is represented by Michael J. Harris, Esq.

    The facts in this case are undisputed as set forth in the third-party defendants', defendant's, and plaintiff's statements of undisputed facts, supporting affidavits and other documents. In 1992, plaintiff, Prospect Venture, and defendant, Engelberth, entered into a contract for the construction of a student apartment complex (known as the "Redstone Apartments") on the University of Vermont campus. Between 1992 and 1993, Engelberth hired a number of subcontractors, including Third-party Defendants Kittell, Fritz and Schumacher, to

-1-

help complete the project. Written contracts for the subcontracting work were executed between Engelberth and the individual subcontractors. None of the subcontractors executed contracts with Prospect Venture directly.

By the end of August 1993, Prospect Venture took possession of the Redstone Apartments and began to lease the apartments to UVM students for the fall 1993 semester. In September 2000, plaintiff filed a Complaint against Engelberth claiming Engelberth had negligently constructed the Apartments and that it had breached its contract and implied warranties with the plaintiff. On July 17, 2001, Engelberth filed an indemnity claim joining the third-party defendants. According to Engelberth, if Prospect Venture is entitled to recover, then the third-party defendants, pursuant to the express terms of their subcontracts, are required to indemnify Engelberth for any damages which it may be liable.

In the motions now before the court, Engelberth and the third-party defendants all claim that summary judgment should be granted because the statute of limitations has expired based on an accrual provision in the contract between Prospect Venture and Engelberth, and because plaintiff failed to abide by certain conditions precedent in the contract prior to filing suit.[1] Plaintiff responds that the accrual provision of the contract is ambiguous and that Vermont's "discovery rule" should apply, rather than the accrual provision, which would extend the expiration of the statute of limitations.

## ANALYSIS

Defendants' argument that the statute of limitations has expired is based on an accrual provision in the contract between Prospect Venture and Engelberth that defines the commencement of the statutory limitation period. According to the contract, the statute of limitations period commences at one of three times depending on the nature of the acts or failures to act: 1) Before Substantial Completion of the project pursuant to provision 13.7.1; 2) Between Substantial Completion and Final Certificate for Payment pursuant to provision 13.7.2; and 3) After Final Certificate for Payment pursuant to provision 13.7.3. Determining the commencement of the statute of limitations depends on when the act complained of occurred. In this case, because the alleged negligent construction occurred before the date of Substantial Completion, the only relevant period for the purposes of this motion is the period before Substantial Completion of the project.[2]

---

[1] Because the court's decision rests on other grounds, the claim that the plaintiff failed to abide by conditions precedent in the contract will not be addressed.

[2] In its opposition to the motions, plaintiff argues that if under 13.7.1 its claims are barred as acts occurring before Substantial Completion, then it still retains a claim under 13.7.2 for acts occurring between the date of Substantial Completion and the issuance of a Final Certificate for Payment. This claim is without merit. While Prospect Venture may have "required [Engelberth] to return to the project well into 1994 to work on and correct problems

-2-

All parties acknowledge that the date of Substantial Completion was no later than September 1993, when the students moved in.[3] The contract itself indicates that the date of Substantial Completion was August 19th, 1993. Contract, at 2. Plaintiff specifically asserts that the meaning of the phrase "relevant date" [of Substantial Completion] in the pertinent clause in the contract is not defined and is therefore ambiguous as it is capable of multiple meanings, and that the defendants "fail to consider the modifying effect of the 'relevant date' clause." (Pl.'s Mot. in Opp'n. to Summ. J. at 4.) Plaintiff contends that under the frame of "relevant date," the court should apply the "discovery rule,"[4] and treat the statute of limitations period as starting when defects in the work were discovered.

The court does not find the Substantial Completion provision ambiguous. The provision clearly states:

**13.7.1** As between the Owner and Contractor:

> **.1 Before Substantial Completion.** As to acts or failures to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion.

Contract Provision 13.7.1. The provision indicates that the applicable statute of limitations will commence to run no later than the date of Substantial Completion. In this case, that means the statute of limitations started no later than September 1993 and expired six years from that date

---

regarding such issues as patio deck door latches, heating deficiencies and roof shingle problems" (Pl.'s Mot. In Opp'n. to Summ. J. at 6), these acts are not connected to the claims in this case. Plaintiff does not assert, as a basis for the Complaint, that the defendants were negligent in their work with the door latches, heating systems or shingles. Plaintiff cannot bootstrap its action on this corrective work on individual items into a delay of the commencement of the statute of limitations on the siding work completed in a timely manner under the contract . 13.7.2 does not apply because the alleged defective construction occurred *before* the date of Substantial Completion and not after.

[3] Substantial Completion is defined by the contract as "the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so the Owner can occupy or utilize the Work for its intended use." Contract Provision 9.8.1.

[4] The discovery rule would extend the beginning of running of the statute of limitations beyond the date of completion. It defines the point at which the "cause of action accrues as the time of the discovery of the injury." University of Vermont v. W.R. Grace & Co., 152 Vt. 287, 289 (1989).

pursuant to 12 V.S.A. § 511 ("[a] civil action . . . shall be commenced within six years after the cause of action accrues and not thereafter."). Using this construction, the statute of limitations in this case had expired as of October 1, 1999.

Plaintiff argues that this interpretation of the contract does not take into account the phrase "relevant date." According to the plaintiff, because Vermont recognizes the discovery rule, the term "relevant date" can, and does, refer to the date when the injury was discovered.

Plaintiff's construction of the term "relevant date" is inconsistent with the plain meaning of the contract. The term "relevant date" as it appears in the context of the contract as a whole only refers to the date that the parties have agreed upon and set as the date for Substantial Completion. The "relevant date of Substantial Completion" allows the parties the freedom to set the date of Substantial Completion according to the particular project. It does not somehow refer to the date when the injury was discovered. The contract specifically sets the date of Substantial Completion. If this court were to read the phrase "relevant date" utilizing plaintiff's construction, then there would be no need to define the term Substantial Completion or to provide for the date of Substantial Completion. The statute of limitations would merely begin to run whenever the construction defect was detected. Using the plaintiff's interpretation, it would also not be necessary to define in the contract the three events (Before Substantial Completion, Between Substantial Completion and Final Certificate for Payment and After Final Certificate for Payment) which trigger a different date for commencing the statute of limitations. Again, the limitations period would run from whenever the defect was discovered. Because this court must interpret the contract to form a harmonious whole, In re Verderber, 13 Vt. L.Wk. 40, 41 (2002) (a court must "give effect to every part of the instrument and form a harmonious whole from the parts"), and because plaintiff's construction would be inconsistent with other provisions of the contract, the court will not interpret the term "relevant date" as allowing for the statute of limitations to run from the date the injury is discovered.

Plaintiff also argues that the term "relevant date" is sufficiently ambiguous to preclude summary judgment. Plaintiff asserts that because it has demonstrated that "relevant date" might have a different interpretation, the Substantial Completion provision should not be enforced.

This claim is without merit. "[I]f a writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument . . . ." Isbrandtsen v. North Branch Corp., 150 Vt. 575, 578 (1988). Here, the language of the Substantial Completion provision is unambiguous and its meaning can be interpreted from the contract itself.[5] There is a clear purpose for the use of the term "relevant date" that precludes any claim

---

[5] Even if it could be shown that the contract language is ambiguous on its face, a contract ambiguity will only be found "where a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." Isbrandtsen, 150 Vt. at 578. In this case, not only does the writing itself not support a different interpretation, but the interpretation plaintiff suggests is not

-4-

that it creates ambiguity: it provides the opportunity to have different Substantial Completion dates for different portions of the contract project, as Article 3, section 3.2 of the contract clearly states. This contract had only one Substantial Completion date, so that is the only relevant date.

Nothing in the contract mentions use of the discovery rule and the court will not interpret the contract to include the use of the discovery rule when the language of the contract clearly indicates that the parties defined Substantial Completion and agreed to use the date of Substantial Completion as the date to commence the statute of limitations. The parties, who are all familiar with commercial construction, chose to use the AIA standard form contract which uses a highly specific method of determining the statute of limitations date. In doing so, they determined the rules for management of risk of economic loss arising from the project. The court will not disturb their agreement, which is expressed in clear and unambiguous terms.

## ORDER

For the foregoing reasons,

The Third-party Defendants' Motions for Summary Judgment are *granted*.

Defendant Engelberth's Motion for Summary Judgment is *granted*.

Plaintiff's contingent Motion to Stay the proceedings is *moot*.

Attorney Burchard shall prepare an appropriate Judgment Order.

Hon. Mary Miles Teachout
Superior Court Judge

reasonable given the contract as a whole.